1816.

DUMOND
v.
MAGEE.

## DUMOND, administrator, &c., *against* MAGEE and others.

Where a bill was filed by an administrator, for a decree for the distribution of the intestate's estate, the answer of a person entitled, as next of kin, to a distributive share, signed by her attorney in fact, and not sworn to, or subscribed by the party himself, was received, as the party resided in *Ohio*, and the object of the suit was merely for the security of the administrator.

*November* 25th.

THE object of the bill was to obtain a decree for the distribution of the estate of the intestate among the next of kin, so that the administrator might be protected. The defendant *Catharine Hauett* was one of the next of kin, and one of the claimants of a distributive share.

[ * 241 ]

*M. I. Cantine,* for the plaintiff, moved that the answer of the defendant *Catharine Hauett* might be taken, without *her oath or signature, on an affidavit which he read, that she resided at *Miama,* in the state of *Ohio;* and that she had given a full power of attorney, which was set forth in the affidavit, duly executed and authenticated, to her son, *Anthony Hauett,* residing within this state, to act for her, and collect her debts, and to demand the same by suit, or otherwise, and to compound for the same, &c.

THE CHANCELLOR. This is not a case in which a discovery is the object of the bill. As it is merely a suit for the safety of the administrator, the object of the motion is reasonable, and it would cause great and useless delay, trouble, and expense, to send a commission to the state of *Ohio,* for the sole purpose of taking her answer. The case of *Gwillin,* (6 *Ves.* 285.) of *Bayley* v. *Delvalkiers,* (10 *Ves.* 441.) and of *Harding* v. *Harding,* (11 *Ves.* 159.) are authorities in support of this course of proceeding.

Order accordingly.

It was directed that the answer should be subscribed by her attorney, and with a copy of the power of attorney annexed thereto.