FRANK B. DENNY & another *vs.* LYDIA B. DENNY.

This court has authority to entertain a petition filed by a third party, representing that a libellant for divorce is insane; and, if such insanity is established, the court will appoint a guardian *ad litem* to conduct the cause for the libellant.

PETITION filed by two of the children of Reuben S. Denny and Lydia B. Denny, in a suit for divorce brought by said Lydia against said Reuben, representing that the libellant, at the time of filing said libel, was and still is insane; and praying that a guardian *ad litem* may be appointed to take charge of the suit. The libellant filed a motion to dismiss the petition, on the ground, among others, that the court had not authority in law to grant the prayer thereof; and this question was reserved by the chief justice for the determination of the whole court, with the agreement that, if the court should be of opinion that the petition can properly be prosecuted, the case should stand for a hearing on other grounds alleged for the dismissal of the petition.

*B. F. Thomas & R. Olney,* for the petitioners, cited *Broadstreet* v. *Broadstreet,* 7 Mass. 474; *Mansfield* v. *Mansfield,* 13 Mass. 412; *Mitchell* v. *Kingman,* 5 Pick. 431; *Blood* v

*Harrington,* 8 Pick. 552 ; *Guild* v. *Cranston,* 8 Cush. 506 ; *Davenport* v. *Davenport,* 5 Allen, 464 ; *Malin* v. *Malin,* 2 Johns. Ch. 238 ; *Howlett* v. *Wilbraham,* 5 Madd. 423 ; *Piddocke* v. *Smith,* 9 Hare, 395 ; Story Eq. Pl. §§ 64–66, 70 ; 1 Dan. Ch. Pr. 107, 202, 203 ; 2 Ib. 870, 871 ; Shelford on Lunatics, 415, 416, 424–426 ; 2 Kent Com. (6th ed.) 229 ; Co. Litt. 88 b, *n.* 10, 135 b, *n.* 1.

*S. E. Sewall & J. P. Bishop,* for the respondent. The legislation in this commonwealth concerning guardians of insane persons covers the whole subject, and no provision is made for the interference of third persons in a case like the present. Gen. Sts. *c.* 107, § 16 ; *c.* 109, §§ 8, 12 ; *c.* 127, § 23. *Commonwealth* v. *Cooley,* 10 Pick. 37. *Mason* v. *Waite,* 1 Pick. 452. *Bartlet* v. *King,* 12 Mass. 545. *Goodenow* v. *Buttrick,* 7 Mass. 140. Before these statutes, an insane person might bring a libel for divorce in her own name. *Broadstreet* v. *Broadstreet,* 7 Mass. 474. 1 Tidd's Pract. (4th Amer. ed.) 92, 93. And she may do so still. *Warden* v. *Eichbaum,* 14 Penn. State R. 121. *Bawden* v. *Bawden,* 2 Swab. & Trist. 417. Proceedings for the appointment of a guardian should be in the probate court. *Mansfield* v. *Mansfield,* 13 Mass. 412. This petition is filed by intermeddlers, and should therefore be dismissed. *Stearns* v. *Stearns,* 10 Verm. 540. *E. B.* v. *E. C. B.,* 28 Barb. 299. An *amicus curiæ* does not appear by counsel, or plead, or bring forward witnesses, or address the jury. *Little* v. *Little,* 13 Gray, 264. Bouvier's Law Dict. *Amicus Curiæ.* The question of insanity should only be tried, in this case, upon regular pleadings. *Coburn* v. *Whitely,* 8 Met. 272. *Griffin* v. *Rising,* 2 Cush. 75. *Hayward* v. *North Bridgewater,* Ib. 419. She would be bound by her acts in court, though insane. *Beverly's Case,* 4 Co. 123 b.

DEWEY, J. We have no doubt as to the authority of this court, upon a representation made to us that the libellant in a libel for divorce is insane, to take notice of such representation, and, in such manner as the court may deem proper, to make the necessary preliminary examination as to such fact. This power is one necessarily existing in the court, as well for the protection of the libellant as for the orderly and proper conducting of the suit.

The doctrine, as stated in Story Eq. Pl. § 66, is, that where persons are incapable of acting for themselves, although not strictly idiots or lunatics, the suit may be brought in their name, and the court will authorize some suitable person to carry it on as their next friend. In every such case, it is in the discretion of the court to allow the case to proceed or not. In *Malin* v. *Malin*, 2 Johns. Ch. 240, the chancellor says, " a person incompetent to protect himself, from age or weakness of mind, or from some religious delusion or fanaticism, *quem urget fanaticus error*, *vel iracunda Diana*, ought to come under the protection of the court." See also *Nelson* v. *Duncombe*, 9 Beav. 211; *Wartnaby* v. *Wartnaby*, Jacob, 377.

The power of the court to act upon this subject is not taken away by the provisions of the Gen. Sts. *c.* 107, § 16, requiring a libel in behalf of an insane person to be signed by the guardian, or some person admitted by the court to prosecute the same as the next friend of the libellant; or by the provisions of Gen. Sts. *c.* 127, § 23, as to the case of one becoming insane after the institution of the proceedings for divorce; or by the more general provisions found in Gen. Sts. *c.* 109, § 8, authorizing the judge of probate to appoint a guardian to an insane person. These provisions do not limit the power of this court in the proper exercise of its duty in reference to an application like the present.

The attention of the court may properly be directed to an inquiry upon this subject by a third party not connected with the suit as one of the immediate parties thereto. The libellee may not choose to make a defence of this character, and may file no answer or suggestion raising any question of the sanity of the libellant. A question so vital to the proper exercise of the jurisdiction of the court over the parties may only be presented from other sources. It will be within the discretion of the court, acting with reference to the circumstances of each particular case, to decide whether it demands a preliminary inquiry as to the sanity of the libellant, with a view to secure the proper administration of justice and the rights of all parties, and if deemed necessary the court will direct what mode shall be

adopted to ascertain the facts as to the alleged incapacity of the party. If such incapacity is established to the satisfaction of the court, they will appoint a guardian *ad litem* to conduct the case. In making such appointment, no person should be selected who may be adverse in feeling or interest to the libellant, but one who will faithfully protect her rights and interests in reference to the matter of the libel.

The case is to stand for further hearing.