## POWERS AND ASHLEY *vs.* T. AND C. WATERS.

1. After the dissolution of an injunction, staying proceedings at law, and the awarding of damages, the court, as a court of chancery, has nothing to do with the case; the parties should be left to proceed in their suit at law.

2. When an injunction is asked for to stay proceedings at law before judgment, it will only be granted upon terms, so as to leave the party at liberty to proceed to trial and judgment, unless a discovery is sought for to aid a defence at law, or the answer is, in some other way, necessary on the trial.

## APPEAL from Benton Circuit Court.

HENDRICK *and* PHELPS, *for Appellants*, insist—

That the court erred in making said decree, and in overruling the motion to set it aside.

That said decree was made at the return term of said bill, which was erroneous.

The defendants, T. & C. Waters, were made parties to said bill, because they were the holders of one of the bonds given for the payment of the purchase money; they had a suit pending against plaintiffs to recover part of the purchase money, and plaintiffs prayed that further proceedings in said suit be enjoined.

After injunction granted, it would be no breach of the injunction to proceed to judgment in the suit at law.—3 P. Williams, 147; 2 Com. Dig., 230, 232; 3 P. Williams, 395; 1 Mad. Chan., 131, 2; 3 Bac. Abr., 648, 656.

The injunction being dissolved, T. & C. Waters had the full benefit of their suit at law, but the chancery court gives them a decree for the amount they ought to recover from plaintiffs at law.

This is different from enjoining a part of a judgment: in such case plaintiff in judgment collects the amount of his judgment not enjoined, and if the injunction is continued until the final hearing of the bill, the court may then make a decree for the amount the plaintiff in judgment, and defendant in bill, is entitled to recover.

This is a final decree as to T. & C. Waters, and made at the return term of the subpœna.

The cause was not set for hearing at the time decree was made. The trial term was the next term after.—Digest, 510, sec. 18, 19.

For the reasons aforesaid, the appellants pray that said judgment be reversed.

WINSTON, *for Appellees.*

I conceive the points in this cause are—

1. Did the court err in dissolving the injunction? I contend it did not, the answer of the defendants having denied all the equity of the bill, and the complainants not making any affidavit of evidence to contradict the answer.

*Powers and Ashley* vs. *T. and C. Waters.*

2. Did the court err in decreeing the complainants to pay to T. & C. Waters the amount enjoined? I contend there is no error in that.— See 4 Mo. Rep., 7.

3. The court ought to dismiss this appeal as it at present stands, only one part of the cause being before the court; the cause, as it respects Heath and the recision of the contract, still being in the court below.—1 Mo. Rep., 354, 365.

4. The court erred in granting the injunction in favor of the complainants, as they filed no bond as required by statute.—See Rev. Code, 314, sec. 11.

Scott, J., *delivered the opinion of the Court.*

Powers and Ashley filed their bill in chancery for relief, and an injunction to restrain T. & C. Waters from prosecuting an action at law against them on a bond, which they had executed to Richard B. Heath, and which the said Heath had assigned to the said Waters.

An injunction was granted, staying the proceedings at law. The injunction was prayed for and granted before there was a judgment in the suit at law. T. & C. Waters and others filed their answer to the bill, and thereupon the court dissolved the injunction staying the proceedings at law, and at the same time, and in the chancery suit, entered up a judgment in the case at law, whose proceedings had been stayed by the injunction.

It is only necessary to state this case, in order to show the irregularity of the proceedings in the court below. A suit is pending at law; an injunction is obtained to restrain proceedings in the suit, before there is any judgment; upon the coming in of the answer, the court dissolved the injunction, and then, as chancellor, entered a decree in the suit at law for the debt sued for, and awarded an execution.

The duty of the court was plain. After dissolving the injunction, the parties should have been left to proceed at law in the suit, from the prosecution of which they had been enjoined. So soon as the injunction was dissolved, and damages awarded, the court, as a court of chancery, had nothing to do with the case.

It may be appropriate to remark here, than when an injunction is asked for, staying, before judgment, proceedings in a suit at law, a court of chancery grants the injunction upon terms only, so as to leave the party at liberty to proceed to trial and judgment, unless a discovery is sought for to aid a defence at law, or the answer in some other way is necessary on the trial. (Ham *vs.* Schuyler, 2 Johns. Ch. Rep., 240; Smith's Chancery Practice, title, "Injunction."

It was objected, that an appeal did not lie upon an order dissolving an injunction. This Court so held in the case of Tanner *vs.* Irwin and Cottle, (1 Mo. Rep., 65.) It is not intended, by any thing before said, that the mere order dissolving the injunction is erroneous.

Had the court below confined itself to a simple dissolution of the injunction and an award of damages, the decree would not be erroneous; but under the circumstances, it will be reversed; the reversal, however, not to have the effect of reviving or continuing the injunction.

Decree reversed.