MARSHALL O. ROBERTS

v.

JOHN FAHS, AND CATHARINE FAHS.

1. INJUNCTION — *dissolution of* — *assessment of damages.* The act of 1861, authorizing Circuit Courts to assess damages, on the dissolution of any injunction, does not repeal the 11th section of the chapter entitled " *Ne exeat* and Injunctions." The two acts are not repugnant; nor does the latter in terms repeal the former.

2. Under the 11th section of the chapter entitled " *Ne exeat* and Injunctions," on dissolving an injunction staying the collection of a money judgment, the court can only allow ten per cent. damages, upon the amount improperly restrained.

3. It is error for the court to include in the assessment of damages, upon the dissolution of an injunction restraining a money judgment, the amount of the judgment restrained.

4. INJUNCTION BOND — *recovery on.* In a recovery on an injunction bond, the measure of damages is so much of the judgment as was restrained, and the costs in that judgment, and the damages assessed on the dissolution of the injunction, and the costs then awarded against complainant.

5. RECORD — *affidavits not appearing as part of record.* This court will not take judicial notice of the fact, that the judgment enjoined had been reversed before the damages were assessed. Nor can affidavits of that fact, which do not appear to form a part of the record of the court below, be regarded as a part of that record, or be considered by this court. The cause will be tried in this court on the same record and facts that were before the court below.

WRIT OF ERROR to the Circuit Court of Wabash county; the Hon. SAMUEL S. MARSHALL, Judge, presiding.

It appears from the record, in this case, that defendants in error recovered a judgment against the Ohio and Mississippi Railroad Company, at the September term, 1858, of the Edwards Circuit Court, for the sum of four thousand dollars. An execution was subsequently issued upon this judgment, directed to the sheriff of Richland county, and levied upon a large quantity of cord wood, designed by the company to be used as fuel, and likewise upon some other property. A bill was afterwards filed against defendants in error by the trustees of the road, upon which an injunction was granted, restraining the sheriff from selling the property.

At the September term, 1862, of the Wabash Circuit Court, to which county the case had been taken, by a change of venue, the cause came on for a hearing on the bill, answer and proofs, and the injunction was dissolved, so far as it related to the sale of the wood; but was made perpetual as to the other property levied upon, under the execution. After the injunction was dissolved, defendants in error having filed suggestions that they had sustained damage by reason of suing out the injunction, the court proceeded to hear evidence, and assessed the damages, and found them to amount to the sum of $5,080. In ascertaining the amount, the court included the principal, interest and costs, of the original judgment, which had been enjoined.

The question presented for determination, is, whether the court erred in making this assessment of damages.

Mr. WILLIAM HOMES, for the Plaintiff in Error.

Mr. J. G. BOWMAN, for the Defendants in Error.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

It is insisted, that the act of 1861, (Sess. Laws, 133,) does not authorize the court, on the dissolution of an injunction, in assessing damages, to include the judgment enjoined. That act declares that in all cases where an injunction is dissolved, the court, after dissolving the same, and before finally disposing of the case, if the party claiming damages by reason of the injunction having been issued, shall suggest in writing the nature and amount thereof, shall hear evidence and assess such damages as the nature of the case shall require, and to equity appertains, to the party damnified, and execution may issue for the collection of the same. This section is broader in its scope than the eleventh section of the chapter entitled " *Ne exeat* and Injunctions." That section authorizes the court to assess damages on the amount of a judgment stayed by

injunction upon its dissolution, but limits the amount of the damages to not more than ten per cent. on the sum improperly enjoined.

It will be observed, that the act of 1861 embraces all cases on the dissolution of an injunction, whatever may be the subject-matter of the bill, whilst the former act only embraces the injunction of money judgments. The question which is presented by this record, then, is, whether the latter act repeals the former. If it is repealed, it must be because the provisions of the two acts conflict, as it is not repealed in terms. Damages may be assessed by the terms of either act: by the former, on a money judgment, an amount not exceeding ten per cent.; whilst under the latter act, such sum as the nature of the case may require and as shall appertain to equity. Then does the nature of such a case, or the principles of equity require that a greater sum than ten per cent. on the sum improperly enjoined, shall be assessed? When the former act was adopted, the legislature evidently supposed that ten per cent. was all that equity could require, as they limited it to that sum. Nor do we perceive that the latter act contained any provision which indicates that they, supposed that such an amount was insufficient or inequitable. So far from the two provisions being repugnant they seem to be entirely consistent.

In adopting the act of 1861, it was no doubt to provide for the assessment of damages in cases of the dissolution of injunctions relating to other matters than judgments. They were already provided for, and are consequently not referred to in that enactment. Had they designed to change the measure of damages allowed on the dissolution of an injunction of a money judgment, the former act would certainly have been referred to in some mode. Had the eleventh section been incorporated into the act of 1861, it is not probable that it would have occurred to any person that the two provisions were repugnant, and the fact that they occur in two different acts cannot render them repugnant, any more than if they were in different sections of the same law. We are, therefore, of the opinion that the former act is not repealed, and that it must

govern cases like the present.   It then follows that the proper measure of damages on the dissolution of this injunction was not more than ten per cent. on the judgment enjoined.

The eleventh section of the act of 1845, requires the court to fix the penalty of the bond at the time of awarding the injunction.   And the bond required by the statute, is conditioned for the payment of all money and costs due, or to become due, to the plaintiff in the action at law ; also all costs and damages which shall be awarded against the complainant in case the injunction shall be dissolved.   What then would be the measure of damages, in a recovery upon the bond ? Evidently, the amount of the judgment improperly enjoined and the costs of the suit in which it was recovered, together with the damages and costs awarded the plaintiff in the judgment, when the injunction is dissolved.   No other measure could be adopted, because that is fixed by the condition of the bond, and required by the statute.   What then would be the consequence of taking the judgment into the assessment of damages on dissolving the injunction?   Manifestly to permit the plaintiff to have a double recovery on his judgment. First, the judgment itself, and then the same amount included in the decree allowing damages on the dissolution ; both included in the judgment against the defendant and his securities, to the injunction bond.   Such is not equitable, nor does the statute require it.

The award of a temporary injunction to stay proceedings, under a judgment at law, in nowise satisfies or discharges the judgment.   It only restrains proceedings until the hearing on the bill.   And if not made perpetual, the plaintiff may resort to all of the means for its collection precisely as though the injunction had never been issued.   He has, also, the additional remedy, by action on the bond, and a recovery against the defendant and his securities.   It therefore follows, that the court below erred, when it included the judgment at law in the damages awarded on the dissolution of this injunction.

It is also insisted in argument, that the judgment which had been enjoined had been reversed in this court before the

damages were assessed, and that plaintiffs in the judgment were not entitled to any damages. There is nothing in the record showing that fact, nor can we judicially know it. We can only try the case on the same record and facts that were before the court below. The affidavits filed to prove that the judgment was reversed cannot be considered here because they do not appear to form a part of the record, and are improperly copied into the transcript. It must be improper for us to take them into consideration, being unauthorized by the practice' and contrary to law.

For the reasons indicated in this opinion, the decree of the court below must be reversed and the cause remanded.

*Decree reversed.*