## DANIEL C. JOSLYN

### *v.*

## RUSSELL DICKERSON *et al.*

1. INJUNCTION—*damages on dissolution.* Upon the dissolution of an injunction enjoining the collection of a judgment at law, the court is in no event authorized to assess damages beyond ten per cent on the amount enjoined. It has no power to include the amount of the judgment in the damages assessed. A reasonable attorney's fee may also be included.

2. COURT OF COMMON PLEAS OF ELGIN—*no jurisdiction beyond the city.* The Court of Common Pleas of the City of Elgin has no jurisdiction beyond the limits of the city of Elgin, and an injunction restraining the collection of a judgment of a justice of the peace, recovered beyond the limits of the city, is a nullity.

WRIT OF ERROR to the Court of Common Pleas of the City of Elgin; the Hon. RICHARD G. MONTONY, Judge, presiding.

Mr. JOHN G. KRIBS, for the plaintiff in error.

Messrs. BOTSFORD, BARRY & LOVELL, for the defendants in error.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was a bill in chancery, by the plaintiff in error against the defendants in error, in the Court of Common Pleas of the City of Elgin, in Kane county, to enjoin the collection of a certain judgment rendered by a justice of the peace in McHenry county. A preliminary injunction having been granted, upon plea in abatement to the jurisdiction of the court, the court below dissolved the injunction, dismissed the bill and decreed that the complainant pay the defendants, as damages, the amount of the judgment enjoined, and interest thereon, being in all the sum of $34.02, and also $25 for attorney's fees, within thirty days, and that in default thereof, execution issue.

It was clearly erroneous to decree the payment of the judgment and interest as damages.

The court below had no jurisdiction beyond the limits of the city of Elgin. *People* v. *Evans*, 18 Ill. 362; *Holmes* v. *Fihlenburg*, 54 id. 203; *People ex rel. Murphy* v. *The Auditor*, 67 id. 333.

The writ of injunction was, therefore, a nullity, imposing no restrictions whatever upon the collection of the judgment, and it was improper for the court to direct the payment of damages, as if its collection had, in fact, been enjoined by competent authority.

In no event is a court, upon the dissolution of an injunction enjoining the collection of a judgment at law, authorized to assess damages beyond ten per cent on the amount released. 1 Gross, 459, § 11; *Roberts* v. *Fahs*, 36 Ill. 268.

We, however, see no objection to the allowance of the attorney's fee. The complainant had, by his improper attempt to

enjoin the judgment, made it necessary for the defendants to employ counsel, and it is proper that he should be required to pay the expense so incurred.

The decree of the court below is reversed, so far as it directs the payment of the judgment and interest as damages, and is in all other respects affirmed.

Each party is required to pay one-half the costs incurred in this court.

*Decree reversed in part.*