JOHN WALKER, Admr.

*v.*

REUBEN M. PRITCHARD *et al.*

*Filed at Ottawa October 31, 1890.*

1. INJUNCTIONS—*damages on dissolution—in case of partial dissolution—the statute construed.* Although an injunction be dissolved only in part, damages may be allowed, under section 12 of the Injunction act, if the nature of the case and equity require it.

2. SAME—*damages—on dissolution of injunction staying suit upon promissory notes.* Upon the dissolution of an injunction staying the prosecution of an action at law upon a promissory note, the court of chancery is not authorized, in assessing the damages, to include the amount due on the note, although the maker has become insolvent since the grant of the injunction. It can not thus deprive the court of law of its authority to proceed with the action pending before it. The defendant has the right to make his defense in the suit at law, even though he be insolvent, and the court of equity can not deprive him of that right.

3. SAME—*attorney's fees—as damages on dissolution.* Where counsel fees are necessarily incurred in procuring the dissolution of an injunction, they may be allowed as damages; but when the injunction is merely ancillary to the principal relief sought by the bill, and its dissolution is only incidental to the defense made, and the counsel fees are incurred in defending the suit generally, they can not be assessed as damages.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of DeKalb county.

Messrs. CARNES & DUNTON, for the appellant:

Damages may be awarded on a partial dissolution of an injunction. *Farley* v. *Russell,* 105 U. S. 433; *Willitts* v. *Slocumb,* 24 Ill. App. 484; *White* v. *Clay's Exrs.* 7 Leigh, 68; High on Injunctions, 1649; *Ford* v. *Loomis,* 62 Iowa, 586; *Pierson* v. *Ellis,* 53 N. Y. 336; 46 Hun, 336.

Mr. HARVEY A. JONES, for the appellees:

The court had no right to include the amount due on the notes enjoined, in the assessment of damages. *Roberts* v. *Fahs,* 36 Ill. 271; *Joslyn* v. *Dickerson,* 71 id. 25; 2 High on Injunctions, sec. 1, 1536, 1541.

All that was done by counsel in respect to the injunction was only ancillary to the principal objects in the bill. In such case, their fees can not be allowed. 2 High on Injunctions, sec. 1686; *Noble* v. *Arnold,* 23 Ohio St. 264; *Riddle* v. *Chatelle,* 2 id. 278; *Langworthy* v. *McKelvy,* 25 Iowa, 48.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

The facts of this case are sufficiently set forth in *Walker* v. *Pritchard,* 121 Ill. 221, and *Pritchard* v. *Walker,* 22 App. Ct. Rep. 286. The original bill was filed in the Circuit Court of DeKalb County by the appellees against the appellant and others to establish title to certain lands, and also certain notes made by Ethan A. Pritchard, and certain other notes made by Reuben M. Pritchard. The legal title to the lands stood in appellant's intestate, Elotia Pritchard, at the time of her death. Ethan A. Pritchard, now deceased, and appellee, Reuben M. Pritchard, were the sons of Reuben Pritchard Sr. by a former wife, Elotia Pritchard having been the second wife of Reuben Pritchard Sr., and step-mother of Ethan A. Pritchard and Reuben M. Pritchard. The appellee, Sarah E. Pritchard, is the widow, and appellees, Elliot Pritchard and Elotia Pritchard, 2d, are the children of Ethan A. Pritchard. Ethan A. Pritchard in his life-time executed two notes secured by a mortgage to Elotia Pritchard. The appellee, Reuben M. Pritchard, also executed certain notes payable to the order of Elotia Pritchard, and, after the death of the latter, he also executed five notes payable to the order of appellant, as administrator of the estate of said Elotia Pritchard.

Appellant, Walker, as such administrator, had filed a bill to foreclose the mortgage made by Ethan A. Pritchard, and had begun suits upon the notes made by Reuben M. Pritchard. In the original bill in this case, which was filed by Reuben M. Pritchard and the widow and children of Ethan A. Pritchard, an injunction was obtained against the appellant, Walker, restraining him from prosecuting the suits for the collection of the notes made by said Ethan A. and Reuben M. The final decree was in favor of the complainants and against Walker as to the land and as to all the notes, except the five notes executed by Reuben M. Pritchard to the order of the administrator. The injunction was dissolved as to said five notes and made perpetual as to all the others.

Upon the dissolution of the injunction as to the five notes, Walker, the defendant below, claimed damages by reason of the injunction, and suggested in writing the nature and amount of such damages under section 12 of the Act in regard to Injunctions. (Chap. 69 of Rev. Stat. Starr & C. Ann. Stat. page 1283.) The damages claimed are: 1st—the amount of the said five notes, and the interest thereon, and the costs of the suits upon them which were enjoined, and 2d, a solicitor's fee "for legal work made necessary by the injunction as to those notes." The face of the notes and the interest thereon and the costs of suit are claimed as damages upon the ground that Reuben M. Pritchard, the maker of the five notes, was solvent when the injunction was issued, but had become insolvent when the injunction was dissolved, and that, by reason of such insolvency, nothing can be collected upon the notes against him.

The Circuit Court heard evidence upon the suggestion of damages and allowed a solicitor's fee of $150.00, but refused to allow the damages claimed upon the notes as to which the injunction was dissolved. The decree entered by the Circuit Court upon the suggestion of damages has been affirmed by the Appellate Court, except as to the allowance of the solicitor's

fee, which was brought up for review by the assignment of a cross-error. The judges of the Appellate Court have granted a certificate of importance and allowed an appeal to this Court.

The first question presented to our notice is whether or not damages can be assessed upon the partial dissolution of an injunction. Where the complainant obtains a decree making the injunction perpetual as to certain matters involved but dissolving it as to certain other matters, can damages be assessed against him?

This is not an action upon an injunction bond, as was the case in *Ovington* v. *Smith*, 78 Ill. 250. It is an assessment of damages under section 12 of the injunction Act. That section provides that the court of chancery "shall hear evidence and assess such damages as the nature of the case may require, and to equity appertain, to the party damnified by such injunction." The object of assessing damages is to compensate the party enjoined for the injury he has suffered. If he is wrongfully enjoined from doing one thing which he has a right to do, he is none the less injured because he is at the same time rightfully enjoined from doing another thing which he has no right to do. If the matter as to which the injunction is dissolved were the only matter involved in the suit, the right to damages would not be questioned. To deny such right simply because other matters are involved, does not appertain to equity. Upon principle, we see no reason why a defendant securing a partial dissolution of an injunction should not be compensated for his loss.

Section 8 of the present injunction Act, which went into force July 1, 1874, provides in the same language which was used in section 11 of the Act of 1845, that the court may award damages "if the injunction be dissolved in the whole or *in part*." Section 8 of the present Act, as was true of section 11 of the Act of 1845, applies only to injunctions against judgments. Section 12, which was first enacted in 1861, was designed to extend the power of the court to award damages to other cases

than judgments. (*Forth* v. *Town of Xenia*, 54 Ill. 210.) Said section 12 authorizes the court, upon the suggestion of damages in writing, to assess the same "in all cases where an injunction is dissolved." But we do not think that this language was intended to limit the action of the court to cases where the injunction was wholly dissolved. As, before 1861, damages could be assessed where injunctions against judgments were dissolved whether in whole or in part, so, by the enactment of that date, such damages could be assessed where injunctions, granted in other cases than judgments, should be dissolved either altogether, or only partially. It was left to the chancellor to award such damages as the case might require and to equity might appertain, whether the dissolution was in whole or in part.

We think the view here taken is sustained by authority. The question has never been directly decided in this State, but the right to assess damages for the partial dissolution of an injunction has been incidentally recognized. In *Roberts* v. *Fahs*, 36 Ill. 268, the injunction was against the sheriff from selling, under an execution which he had levied, a quantity of cord wood and other property; upon final hearing the injunction was dissolved as to the sale of the cord wood, but made perpetual as to the other property levied upon; written suggestions of damages were filed; it was there held that it was proper to allow ten per cent on the judgment enjoined as the proper measure of damages, but improper to include the principal, interest and costs of the judgment in the amount of the damages assessed.

In *Willits* v. *Slocumb*, 24 App. Ct. Rep. 484, where a collector of taxes was enjoined from collecting State, road, bridge and school taxes, and also the city and bond taxes due a certain municipality, the injunction was dissolved as to all the taxes except the city and bond taxes, and sustained as to the latter; it was held that damages were recoverable on the ground that the matters enjoined were separate and distinct

claims.    So, in the case at bar, the notes as to which the in-- junction has been dissolved are separate and distinct claims from those as to which the injunction has been made perpetual.

In *Pierson* v. *Ells,* 46 Hun, (Sup. Ct. N. Y.) 336, the de- fendant was enjoined from carrying on the livery business on certain premises and from doing a number of other acts ; the injunction was sustained as to carrying on the livery business, but dissolved as to the other acts ; damages were assessed by a referee as to the acts as to which the injunction was dis- solved, and the same were allowed.

In High on Injunctions, sec. 1649, it is said: "But the condition of the bond may be broken by a dissolution of the injunction in part as well as by a total dissolution; and a right of action may accrue although the injunction has not been wholly dissolved, provided the decree for a partial disso- lution is a final decree disposing of the cause."    The conclu- sion of the text writer is sustained by the case of *White* v. *Clay's Ex'ors,* 7 Leigh, 68.

We do not think that the case of *Russell* v. *Farley,* 105 U. S. 433, is an authority for the position that no damages can be assessed upon a partial dissolution of an injunction.    In that case, a bill to restrain the removal of about 4500 tons of rail- road iron had been filed in the State Court, where an injunction bond was given under the Minnesota statute, and afterwards the cause was removed to the United States Circuit Court. Upon final hearing the Federal Court dissolved the injunction as to a portion of the iron and allowed it to stand as to the balance, and decreed that neither the complainant nor defend- ant was entitled to costs or damages.    One of the defendants appealed from so much of the decree as refused to allow him damages, and the question was as to the correctness of such part of the decree.    It was held that the Federal court was not bound by the State statute or practice, but by its own rules and by the practice of the High Court of Chancery in England, and that the decree was right upon general principles of equity

as applied to the peculiar facts of that case; the circumstance, that the injunction was sustained as to a part of the iron, was merely referred to as one of the reasons why no injustice was done to the defendant by the decree; and it was expressly stated that, if the case had remained in the State Court, damages could have been assessed by that court under the Minnesota statute. The question here discussed was not squarely presented in *Russell* v. *Farley, supra.*

We are, therefore, of the opinion that, where an injunction is dissolved in part, damages may be allowed under said section 12 if the nature of the case requires it and equity demands it.

The question then arises whether the action of the Circuit Court in assessing the damages was correct. In the first place, a counsel fee of $150.00 was allowed. Where counsel fees are necessarily incurred in procuring the dissolution of an injunction, they may be allowed as damages, but where the injunction is merely ancillary to the principal relief sought by the bill and its dissolution is only incidental to the defense made, and the counsel fees are incurred in defending the suit generally, they cannot be assessed as damages. (*Elder et al.* v. *Sabin et al.* 66 Ill. 127; *Alexander* v. *Colcord,* 85 id. 323; *Blair* v. *Reading,* 99 id. 600; *Noble* v. *Arnold,* 23 Ohio St. 264; *Riddle* v. *Cheadle,* 25 id. 278; *Langworthy* v. *McKelvey,* 25 Iowa, 48; 2 High on Inj. sec. 1686.)

In the present case the suits enjoined were upon notes given by Reuben M. Pritchard for personal property sold by Walker as administrator. The question was whether the personal property so sold belonged to the estate of Elotia Pritchard, the administrator's intestate, or to the appellees; whether the property in question was owned by the said Elotia at the time of her death, or whether she had had a mere life-estate in it with remainder over to her step-sons. The decision of this question involved a construction of the will of Reuben Pritchard Sr. and also a construction of the will of Ethan A. Pritch-

ard. If the appellees had owned the property, then they, and not Walker, were entitled to control the notes given for its purchase. No motion was made to dissolve the injunction before the final hearing of the cause. The proof shows that the counsel fees were earned in taking testimony upon the question of the ownership of these notes. The legal services were performed not so much in procuring a dissolution of the injunction, as in defending the action generally. The injunction against the prosecution of the suits upon the notes was only ancillary to the principal object of the suit, which was to show ownership of the notes in appellees.

We are, therefore, of the opinion that the Circuit Court erred in allowing the counsel fees, and that the Appellate Court properly disallowed them upon the assignment of the cross-error.

In the second place, was the appellant entitled to damages for the amount of the notes and interest thereon and the costs incurred in the suits upon them, by reason of the alleged insolvency of Reuben M. Pritchard? In other words, where a suit on a note is enjoined and, pending the injunction, the maker becomes insolvent, can the whole amount of the claim be assessed as damages upon the dissolution of the injunction?

We have held that, where the collection of a note is enjoined, the statute prescribes no rule in regard to the conditions to be inserted in the injunction bond, and that the chancellor may, in the exercise of a reasonable discretion, require the complainant to give security for the payment of the debt in case he fails to maintain his suit. (*Billings* v. *Sprague,* 49 Ill. 509; *Barnes* v. *Brookman,* 107 id. 317.) But in such case the bond is voluntarily executed by the principal and his sureties; they may decline to cause the writ of injunction to be issued rather than submit to the execution of such a bond. But where damages are assessed under section 12 the proceeding is an involuntary one. If, as was held in *Roberts* v. *Fahs, supra,* it is error to include in the assessment

of damages, upon the dissolution of an injunction restraining a money judgment, the amount of the judgment restrained, it would seem to be wrong to include in such assessment the amount of the note, where a suit on a note is restrained. The assessment of the note so sued upon as a part of the damages amounts in effect to the rendition by a court of chancery of a judgment in a suit at law. It deprives the law side of the court of the authority to proceed with the cause pending before it. The maker of the note, even though he be insolvent, may have a defense to the note, and such action by a court of chancery may cut him off from making his defense in the proper legal tribunal.

In the present case, the chancery suit has determined merely the ownership of the notes sued upon; it has merely decided that, if recovery be had upon the notes, the amount recovered will belong to Walker and not to the appellees. The question whether Walker can recover or not in the pending suits is a matter to be settled by the law court in which the suits are pending.

In *Powers et al.* v. *Waters,* 8 Mo. 299, which was an injunction against the prosecution of an action at law on a bond, the injunction was dissolved, and the chancellor entered up a judgment in the case at law; the Supreme Court of Missouri reversed the decree, and held that, after the dissolution of the injunction, the parties should have been left to proceed at law. In High on Injunctions it is said: "Upon the dissolution of an injunction to a suit at law, the court as a court of chancery has nothing further to do with the case, but should leave the parties to proceed at law with the suit enjoined. And it is error for the same court which has dissolved the injunction, sitting as a court of equity, to immediately enter up judgment in the action, sitting as a court of law." If the court of chancery cannot enter judgment upon the note in the suit at law, and must allow the suit at law to proceed, then it would be wholly unjust to permit the court of chancery to assess the

amount due on the note as damages upon the dissolution of the injunction, because then the maker of the note might be subjected to two recoveries upon the same cause of action. (*Roberts* v. *Fahs, supra.*)

We are, therefore, of the opinion that the Circuit Court properly refused to allow as damages the amount due on the notes.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*

Mr. JUSTICE BAILEY: I concur with the majority of the court in the affirmance of the judgment of the Appellate Court, but I do not concur in the grounds upon which that result is reached as set forth in the foregoing opinion of Mr. Justice MAGRUDER.