HERMAN H. KOHLSAAT

*v.*

JOHN E. CRATE.

*Filed at Ottawa, November 23, 1892.*

1. INJUNCTIONS — *dissolution* — *amount of damages.* Section 12 of chapter 69, relating to injunctions, does not, either expressly or by implication, limit the amount of damages to be assessed against the com-

plainant on the dissolution of an injunction, to the penalty of the bond given. On the contrary, it implies the assessment of such damages as will compensate the injured party for such losses as are directly occasioned to him, and such expenditures as are necessarily occasioned, by the wrongful suing out of the injunction, whether any bond is given or not.

2. The office of an injunction bond is not to create or measure the liability of the complainant for damages, but to secure the payment of such damages up to the amount of the penalty of the bond.

3. SAME — *of the bond.* The statute (sec. 9, chap. 69) authorizes the granting of an injunction without bond in cases for good cause shown, when the judge or master is of the opinion that the injunction ought to be granted without any bond. The statute fixes the amount of the bond only in cases where the collection of judgments is sought to be enjoined. In all other cases the penalty of the bond is discretionary with the judge or master awarding the writ.

4. CHANCERY — *recitals in a decree — how far conclusive.* One of the usual modes of preserving the evidence of a fact in a chancery suit, is by the finding of such fact in the decree. In such case, the evidence must be preserved in the record by a certificate, if its sufficiency to establish the fact is questioned. When the evidence is not preserved by certificate, the findings of fact in the decree will be conclusive on this court.

APPEAL from the Appellate Court for the First District ; — heard in that court on appeal from the Circuit Court of Cook county; the Hon. L. C. COLLINS, Judge, presiding.

Mr. GEORGE W. STANFORD, for the appellant :

Attorney's fees will not be allowed for defending the suit ; only fees paid or incurred in procuring a dissolution of the injunction will be allowed. *Moriarty* v. *Galt*, 125 Ill. 417.

The evidence must be preserved. *Howard* v. *Austin*, 12 Bradw. 645 ; *Diggers* v. *Bell*, 8 id. 254.

Defendant below could not lay the foundation for large damages by employing an unnecessary number of counsel. *Collins* v. *Sinclair*, 51 Ill. 328 ; *Elder* v. *Sabin*, 66 id. 126 ; *Blair* v. *Reading*, 99 id. 600 ; High on Injunctions, secs. 1686, 1688 ; *Hotchkiss* v. *Platt*, 8 Hun, 46.

The party must preserve the evidence. *Albright* v. *Smith*, 68 Ill. 181. The statement that the court heard evidence is

not sufficient. *Steele* v. *Boone*, 75 Ill. 457; *Palmer* v. *Gardiner*, 77 id. 143; *Spring* v. *Coll. etc.*, 78 id. 101; High on Injunc. tions, sec. 1661.

It is to be noted that the court had no power independent of the statute to award damages in this case. *Phelps* v. *Foster*, 18 Ill. 309.

An assessment of damages is only allowed as an incident to, or the result of, the giving of a bond to secure such damages. High on Injunctions, sec. 1657.

Where the practice prevails of decreeing damages upon the dissolution of an injunction, it is held the court can not go beyond the bond and award greater damages than the penalty therein fixed. High on Injunctions, sec. 1669; *Sturgess* v. *Knapp*, 33 Vt. 486; *Lawton* v. *Green*, 64 N. Y. 326.

The granting of the injunction in this case was a judicial determination of two questions then before the court. First, shall an injunction issue at all; second, what shall be the estimate of or limit of damages recoverable if the injunction shall be dissolved. The act of the court requiring a bond in penalty of $500 was an act fixing the limit of damages, was a judicial act. Such is the view taken and sustained by elaborate reasoning in *Sturgess* v. *Knapp*, 33 Vt. see pages 524, 525; also *Russell* v. *Farley*, 105 U. S. 433, 439–443.

Messrs. HYNES & DUNNE, and Messrs. DUNCAN & GILBERT, for the appellee:

The statute, if it means what it says, requires the court to award the party aggrieved such damages as the nature of the case may require and to equity appertain, and does not limit the amount to the penalty of the injunction bond. R. S., 1874, chap. 69, sec. 12.

Evidence in a chancery case may be preserved by recitals in the decree. Either party, if dissatisfied with the recitals, may cause the evidence to be preserved in a certificate. *White* v. *Morrison*, 11 Ill. 361; *Moore* v. *School Trustees*, 19 id. 83;

*McIntosh* v. *Saunders*, 68 id. 128; *Cooley* v. *Scarlett*, 38 id. 316; *Walker* v. *Carey*, 53 id. 470.

CHIEF JUSTICE BAILEY delivered the opinion of the Court:

On the 20th day of September, 1890, Herman H. Kohlsaat, the appellant, filed his bill in chancery in the Circuit Court of Cook county, against John E. Crate, the appellee, praying, among other things, for an injunction restraining the appellee from subletting, for the purposes of a saloon or dram-shop, a certain portion of a building which had theretofore been leased and demised by the appellant to the appellee. An injunction *pendente lite* was allowed by the court upon the appellant's filing an injunction bond in the penal sum of $500, with surety to be approved by the court, conditioned for the payment to the appellee of all damages that might be awarded him in case the injunction should be dissolved. The bond required was filed and approved, and the injunction became operative September 23, 1890.

The appellee having entered his motion to dissolve the injunction, the cause was referred to the master to take evidence, and the motion afterward coming on for hearing, was granted, and an order was entered May 14, 1891, dissolving the injunction, and giving the appellee leave to file his suggestions of damages. The appellee thereupon filed such suggestions, claiming damages in the sum of $796 for fees and charges of solicitors and counsel for services rendered by them in and about procuring a dissolution of the injunction, $100 for stenographer's fees, $100 for the expenses of procuring the attendance of witnesses, and $1,600 on account of rents of the premises which he would have received and of which he was deprived by the injunction, making $2,596 in all.

The cause coming on to be heard on the appellee's suggestion of damages, the court found that, by reason of the wrongful suing out of the injunction, the appellee was compelled to and did pay the sum of $771 for fees and charges of his solic-

itors and counsel for services necessarily rendered by them in and about procuring a dissolution of the injunction and that he was compelled to and did lose rents of the demised premises to the amount of $1,446, by reason of the wrongful suing out of the injunction, amounting in all to the sum of $2,227. But the court held that, as the injunction bond which the appellant was required to file was only in the penal sum of $500, and as that was the only bond filed by him in the case, the liability of the appellant to the appellee on account of damages sustained by reason of wrongfully suing out the injunction was limited to $500. A decree was thereupon entered requiring the appellant to pay the appellee, within ten days of the entry of the decree, the sum of $500 for his damages, and also dismissing the bill at the appellant's costs for want of equity.

On appeal by the present appellee to the Appellate Court, the decree for damages was reversed, and the cause was remanded to the Circuit Court with directions to enter a decree awarding the appellee his damages in the sum of $2,227, which that court had found he had suffered by reason of wrongfully suing out the injunction. The case now comes to this court by appeal from the judgment of the Appellate Court.

We are of the opinion that the judgment of the Appellate Court is right and should be affirmed. Section 12, chapter 69, of the Revised Statutes is as follows: "In all cases where an injunction is dissolved by any court of chancery in this State, the court, after dissolving such injunction, and before finally disposing of the suit, upon the party claiming damages by reason of such injunction, suggesting, in writing, the nature and amount thereof, shall hear evidence and assess such damages as the nature of the case may require, and to equity appertain, to the party damnified by such injunction, and may award execution to collect the same: Provided, a failure so to assess damages shall not operate as a bar to an action upon the injunction bond."

It seems clear that the intention of the statute is to give to the party who is damnified by the wrongful suing out of an

injunction, the right to have his damages assessed, and to a decree awarding the same to him, wholly irrespective of whether an injunction bond has been given or not, or of the amount of the penalty of the bond if one has been given.    There is nothing in the language of the section above quoted which would seem, either expressly or by implication, to limit the amount of damages to be assessed, to the penalty of the bond, the only limitation being, that the damages assessed shall be such as the nature of the case may require and to equity appertain. This clearly implies the assessment of such damages as will compensate the injured party for such losses as are directly occasioned to him, and such expenditures as are necessarily occasioned, by the wrongful suing out of the injunction.

The statute does not provide that injunction bonds shall be required in all cases, as section 9 authorizes the judge or master granting an injunction, to order its issue without bond, in cases when, for good cause shown, he is of opinion that the injunction ought to be granted without bond.    In only one class of cases, viz., where an injunction issues to enjoin a judgment, is the amount of the penalty of the injunction bond fixed by the statute.    In all other cases, if a bond is required the amount of the penalty is discretionary with the judge or master awarding the injunction.    The absence of a bond would certainly be no obstacle to the assessment of damages under the provisions of section 12, nor are we able to see how a bond with an inadequate penalty can constitute such obstacle.    The liability of the party wrongfully suing out the injunction to compensate the other party for the damages thereby occasioned is not created by nor is it dependent upon the bond which may be given. His liability grows out of his wrongful act in suing out the writ, and the injurious consequences which thereby result to the opposite party.    The office of the bond is not to create or measure the liability of the complainant for damages, but to secure the payment of such damages, up to the amount of the penalty of the bond.    The decisions of the courts of other

States to which we are referred seem to have been based upon rules of law essentially different from those prescribed by our statute, and therefore can not control here.

The point is made that the finding of the Circuit Court as to the amount of solicitors' and counsel fees paid by the appellee, and now directed to be awarded to him as a part of his damages is not warranted by the facts appearing in the record. The evidence upon which the assessment of damages was made is not in the record, but the fact found by the court, viz., that, by reason of the wrongful suing out of the injunction, the appellee was compelled to and did pay out the sum of $771 for the fees and charges of his solicitors and counsel for services necessarily rendered by them in and about procuring a dissolution of the injunction is recited in the decree. The fact thus found by the court and upon which the assessment of damages is based, is preserved in the record in one of the modes usual in chancery proceedings, viz., by the recitals of the decree, and the fact thus appearing is sufficient to sustain the decree which, by the remanding order of the Appellate Court, the Circuit Court is directed to enter. Nor is there anything in the record upon which the contention can be based that the employment of two firms of solicitors and counsel was unnecessary, or that the fees paid to them were exorbitant. The fact, as found by the court, is the other way, and that fact properly appearing in the record, is conclusive, at least, in the absence of the evidence upon which the finding of the court was based.

We find no error in the record, and the judgment of the Appellate Court will accordingly be affirmed.

*Judgment affirmed.*