## Chicago Veneered Door Co. v. Frank M. Parks et al.

1. INJUNCTIONS—*What Is an Order Vacating.*—An order reciting that " the order of court permitting an amendment, and the filing of the amendment in accordance therewith vacated the injunction," is a sufficient order of court dissolving the injunction, for the purpose of assessing damages.

2. SAME—*Measure of Damages on Dissolution—Attorney's Fees.*—A reasonable and fair compensation should be allowed to the defendant for money actually paid to an attorney, or a liability fairly and honestly incurred to pay an attorney to procure the dissolution of the injunction— such a fee only as he would pay if he had no hope of being reimbursed.

3.  Same—*Dissolution—Damages Allowed by Statute.*—The statute only allows the assessment of damages sustained by reason of improperly suing out an injunction, and the damages must be confined alone to that ground.    The charge for attorney fees can only extend to the motion to dissolve the injunction.

**Appeal,** from an order assessing damages for dissolution of an injunction, entered by the Circuit Court of Cook County; the Hon. John Gibbons, Judge, presiding.    Heard in the Branch Appellate Court at the October term, 1898.    Reversed and remanded.    Opinion filed November 18, 1898.

Fred H. Atwood and Frank B. Pease, attorneys for appellant.

Richard McConnell, attorney for appellees.

Mr. Presiding Justice Freeman delivered the opinion of the court.

This was an appeal from an order assessing damages for dissolution of an injunction.

Appellant filed a creditor's bill January 4, 1895, upon a judgment against appellee Parks, and procured an injunction restraining the latter from disposing of his property. The answer of appellee Parks was filed February 5, 1898, and three days later an amendment to the bill was filed with leave of court, and on the same day appellee Parks amended his answer to meet the allegations of the amended bill. May 13th following, an order of court was entered by agreement of counsel, by which it was " adjudged that the order permitting complainant to amend its bill herein, and the filing of the amendment herein, vacated the injunction heretofore issued herein on the date " when said amendment was filed.    Thereupon leave was given to file suggestion of damages on account of the injunction, which was done over appellant's objections.

Several errors are assigned, but the award of solicitor's fees as damages upon the dissolution of the injunction is the substantial ground of complaint.

It is contended that the order of May 13th above referred

to was not an order of court dissolving the injunction, and that hence no damage could properly be assessed under the provision of the statute. Sec. 12, Chap. 69, Rev. Stat. But that order recites that the order of court permitting the amendment, and the filing the amendment in accordance therewith February 8, 1895, vacated the injunction. It can scarcely be rightfully contended, therefore, that the injunction was not in fact dissolved by an order of court, even though it be true, as it doubtless is, that no order dissolving the injunction in express terms was entered.

But the order by which the injunction was thus vacated was entered February 8, 1895, and counsel fees for services rendered after that date could not have been incurred in procuring the dissolution of an injunction already vacated. No evidence appears of any damages sustained by reason of the injunction other than the counsel fees claimed to have been incurred in procuring its dissolution. " A reasonable and fair compensation should be allowed to defendant for money actually paid to an attorney, or a liability fairly and honestly incurred to pay an attorney to procure a dissolution—such a fee only as he would pay if he had no hope of having it reimbursed." Jevne v. Osgood, 57 Ill. 340–347; Darst v. Gale, 83 Ill. 136–145.

The damages assessed to cover solicitor's fees upon the dissolution of an injunction should be only for the additional expense incurred in procuring the dissolution over and above that incurred in the preparation of the case for a hearing. Blair v. Reading, 99 Ill. 600–615.

" The statute only allows the assessment of damages sustained by reason of improperly suing out the injunction, and the damages must be confined alone to that ground. The charge for lawyers' fees could only extend to the motion to dissolve the injunction." Elder v. Sabin, 66 Ill. 126–131; Walker v. Pritchard, 135 Ill. 103–109, and cases there cited.

The items of account suggested by appellees as damages sustained for counsel fees in procuring the dissolution do not show the dates when the services charged for by appellee's counsel were rendered. But the counsel himself testified

that he prepared the answer to the original bill, remodeled it to reply to the amended bill, attended before the master one-half day, caused a notice to be served on complainant's solicitor that he would move for a dissolution, prepared another notice to dissolve with an affidavit, likewise served in May, which was some months subsequent to the order vacating the injunction, and that he attended court on motion day. Most of these items could have had no relation to the order which vacated the injunction, and the evidence fails to show that appellee's solicitor had any agency whatever in procuring the order of February 8th, which by order of court is stated to have dissolved the injunction.

So much of the decree, therefore, as requires the payment of solicitor's fees as damages incurred in procuring the dis solution of the injunction is erroneous. The decree of the Circuit Court is reversed and the cause remanded.