Nestor Johnson Manufacturing Company, Appellee, v.
Morris Goldblatt et al., Appellants.

Gen. No. 39,751.

McSurely, P. J., dissenting.

Heard in the first division of this court for the first district at the October term, 1937. ▆▆▆▆ Opinion filed October 31, 1938.

PRITZKER & PRITZKER and HARVEY L. HANSON, both of Chicago, for appellants; RICHARD WEINBERGER, of Chicago, of counsel.

ZANE, TRUEBLOOD & JOHNSON, of Chicago, for appellee; FRANKLIN D. TRUEBLOOD and CRAIG R. JOHNSON, of counsel.

MR. JUSTICE MATCHETT delivered the opinion of the court.

By suggestions in writing filed May 15, 1933, in a proceeding auxiliary to the original suit, after final decree therein, defendants claimed damages for solicitors' fees necessarily rendered by reason of the wrongful issuance of a temporary injunction. Complainant answered. There was a reference, a report, with objections and exceptions thereto overruled, and April 14, 1937, a decree disallowing and dismissing the claims. Hence this appeal.

The original suit, filed December 19, 1927, was for alleged malicious conspiracy to injure the trade of complainant by unfair competition. The relief prayed that defendants pending the suit be enjoined temporarily and upon the hearing perpetually. The temporary injunction issued the day the bill was filed.

The case is before this court for the third time. First, in *Nestor Johnson Mfg. Co. v. Goldblatt*, 250 Ill. App. 644, the complainant appealed from an order entered December 27, 1927, dismissing the bill on complainant's motion. Prior thereto, on December 23, the court, on motion of defendants, dissolved the temporary injunction. The order of dismissal was entered and the appeal therefrom taken by complainant in con-

formity with the practice approved in *Williams v. Chicago Exhibition Co.*, 188 Ill. 19, and other cases. This court held that the bill of complaint disclosed prima facie a case of conspiracy to carry out a scheme of unfair competition "remediable by injunction," reversed the decree of December 27 and remanded the cause with directions for a rule on defendants to plead or answer and for a trial on the merits. December 20, 1928, the superior court reinstated the temporary injunction and it was continued in force until extinguished by another final decree entered January 22, 1931. Pending these proceedings defendants again moved to dissolve the temporary injunction. The motion was denied "until the hearing of the evidence on bill and answer is concluded." There was no further hearing on that motion. The cause was referred to a master who took the evidence and reported against the complainant and recommended that the bill be dismissed for want of equity. Objections overruled by the master stood as exceptions, and the court sustaining these exceptions entered a decree in favor of the complainant on the merits January 22, 1931. This decree granted to the complainant a permanent injunction. Neither the report of the master nor the decree of the court referred to the temporary injunction. The second appeal to this court was by defendants from this decree. The decree was reversed and the cause remanded with directions to dismiss the bill for want of equity. *Nestor Johnson Mfg. Co. v. Goldblatt*, 265 Ill. App. 188. Complainant petitioned the Supreme Court for writ of certiorari, which was denied. (265 Ill. App. XIV.)

April 25, 1933, pursuant to mandate from this court a final decree was entered in favor of defendants. This decree set aside the former decree of January 22, 1931, and directed "that the injunction heretofore ordered

and issued by this court against each of the defendants herein be and the same is hereby dissolved'' and the bill of complaint dismissed for want of equity, reserving jurisdiction to pass upon the questions of damages.

May 15, 1933, thereafter, the defendants Goldblatt and Planert filed their amended and supplemental suggestions. Goldblatt claimed $17,000 for solicitors' fees ''in procuring a dissolution of the injunction,'' $310.88 for printing briefs and arguments used in the two appeals, and $10,000 for loss of profits during the period the temporary injunction was in force, a total of $27,310.88. Defendant Planert claimed $9,477.55 ''for the reasonable fees and charges of its solicitors and counsel,'' $803.42 for charges of printers for abstracts and briefs, for court reporters and copies of papers used in and about procuring the dissolution of the injunction, and $187.50 mentioned in the original suggestion of damages, a total of $10,468.47.

The complainant filed separate answers denying the right of either to recover the damages claimed. The cause was referred to a master who took the evidence and in conformity with it found the value of the respective items for all services rendered by attorneys for the defendants in connection with the case. The master, however, concluded and reported that the decision of the Appellate Court on the first appeal that the temporary injunction had been properly issued became the law of the case; that at the time of the second appeal the temporary injunction had been superseded by and merged in the permanent injunction; that no dissolution of the temporary injunction was involved in the second appeal. The master held that the statutory provision for the assessment of damages in an injunction suit is limited to damages arising out of the dissolution of the temporary injunction and has no application to services performed in the defense of the

suit on the merits; that the services rendered by solici-
tors for the defendants were rendered in connection
with the trial of the entire case on all issues involved,
and that defendants were not entitled to recover. The
master recommended the suggestions should be dis-
missed and a decree to that effect was entered by the
chancellor, as already ·stated.

No proofs were offered before the master as to the
value of services limited to obtaining the dissolution
of the temporary injunction as distinguished from
services directed to the defense of the suit on the
merits, and no evidence of damage to the business of
defendants was offered. The question for decision is
whether in a case where the sole relief asked is a
permanent injunction with a preliminary injunction
granted *pendente lite,* and a decree upon the merits
has been entered in favor of the defendants, the de-
fendants under the statute are entitled to recover sums
expended for solicitors' fees for services rendered in
the defense of the case *on the merits* and in subsequent
appeals. The question requires an interpretation of
section 12 of the Injunction Act (see Ill. Rev. Stat.
1937, ch. 69, p. 1772 [Jones Ill. Stats. Ann. 109.360]).
It is:

"Assessing Damages—Suit on bond. In all cases
where an injunction is dissolved by a court of chan-
cery in this state, the court, after dissolving such in-
junction, and before finally disposing of the suit, upon
the party claiming damages by reason of such injunc-
tion suggesting, in writing, the nature and amount
thereof, shall hear evidence and assess such damages
as the nature of the case may require, and to equity
appertain, to the party damnified by such injunction,
and may award execution to collect the same: Pro-
vided, a failure so to assess damages shall not operate
as a bar to an action upon the injunction bond."

A careful analysis of the section precludes the inter-
pretation for which defendants contend. The section

consists of a single sentence somewhat involved, but the subject of the sentence is the word "court," which the predicate states shall assess damages such as the nature of the case may require. The various phrases and clauses of the sentence limit the action of the court in many ways. First, as stated in the first paragraph, "to all cases where an injunction is dissolved." The adjective "all" modifies the noun "cases," and the phrase "all cases" is limited by the clause "where an injunction is dissolved by a court of chancery in this state." Second, the assessment of damages as to time is to be made "after dissolving such injunction"; third, "before finally disposing of the suit"; fourth, "upon the party claiming damages by reason of such injunction"; fifth, "suggesting, in writing, the nature and amount thereof"; sixth, "shall hear evidence"; seventh, the damages given are to be "as the nature of the case may require"; and eighth, *"to the party damnified by such injunction."* "Such injunction" refers evidently to the injunction which is dissolved. It is apparent from this analysis that it was not the intention of the legislature to grant authority to the court to assess damages except in all cases where an injunction issued and had been dissolved, and that the damages are limited to such as the party or parties have sustained by reason of "such injunction."

The case of *Lambert v. Alcorn,* 144 Ill. 313, is decisive. There the complainant filed a bill to restrain defendant from putting in a system of drains on his own land and extending the same across adjoining land. The defendant answered denying the equity of the bill. Upon the filing of the bill a temporary injunction was issued which as to a part of the real estate involved was dissolved upon the hearing and damages assessed pursuant to this section of the statute. Complaint was made of this assessment upon appeal. The court said that it was the manifest intention of the trial court

to assess as damages the entire cost of defending the suit to the extent to which it was successful; that the solicitors' fees shown were for the entire services of the solicitors in defending the suit; that there was evidence that a motion for dissolution had been made but never decided on account of the illness of the judge. The opinion points out that (as here) the evidence failed to distinguish between services rendered on the motion to dissolve and those rendered in defense of the suit upon the merits, and continues:

"The rule is, that a defendant may recover, as damages on dissolution of an injunction, the solicitor's fees which he has paid or become obligated to pay, for services rendered in obtaining a dissolution of the injunction, but not those rendered in the general defense of the suit. *Jevne v. Osgood,* 57 Ill. 340; *Alexander v. Colcord,* 85 id. 323; *Field v. Mendenwald,* 26 Ill. App. 642; *Gerard v. Gateau,* 15 id. 520. In *Alexander v. Colcord, supra,* it was held to be serious objection to the evidence in support of a suggestion of damages of this character, that it made no discrimination between services rendered in the case generally, and services which were strictly necessary to procure a dissolution of the injunction. That discrimination not being made in this case, there is no evidence upon which the assessment of damages can be based. It follows that the portion of the decree relating to damages can not be sustained.

"Perhaps the view was entertained by court and counsel at the time of the assessment of damages, that as the only relief sought by the bill was an injunction, the entire defense was virtually directed to the sole object of procuring a dissolution of the injunction, and therefore that all the services rendered in the case must be deemed to have been rendered for that purpose. The relief sought by the bill was a *perpetual* injunction restraining the defendant from laying his proposed tile drain, and an injunction *pendente lite* was a mere ancil-

lary writ which the complainant was at liberty to apply for or not as he saw fit. . . . In a litigation of this character, the services rendered in the general defense of the suit are as clearly distinguishable from those rendered for the mere purpose of getting rid of an injunction *pendente lite,* in case one has been issued, as they are in cases where relief of a different character is sought.''

Defendants say that they have been able ''to find only one case in the United States which is in point,''— *Andrews v. Glenville Woolen Co.,* 50 N. Y. 282. An examination discloses that it is not applicable. Neither section 12 of the Illinois statute nor any similar statute is there construed. An injunction there was issued against the collection of certain judgments, a purpose quite distinct from that for which it issued in this case and a matter which is covered by other sections of our injunction statute. What particular statute, if any, was interpreted in the *Andrews* case is not disclosed by the opinion. A New York case upon its facts more like the instant one is *Allen v. Brown,* 5 Lans. (N. Y.) 511, 514, which seems to sustain complainant's rather than defendants' theory. At any rate the Illinois cases construing an Illinois statute are controlling.

Defendants cite *Joslyn v. Dickerson,* 71 Ill. 25, and *Cummings v. Burleson,* 78 Ill. 281. One of these cases involved an injunction to restrain the enforcement of a judgment at law and the other a final decree. Proceedings of this nature are controlled by other sections, namely, 4, 6, 7 and 8 of the injunction statute.

*Darst v. Gale,* 83 Ill. 136, is also cited. There Darst filed a bill against Gale and others to enjoin the sale by them of real estate conveyed by trust deed to secure the payment of certain bonds. A preliminary injunction issued. Defendants answered and filed a cross-bill praying an injunction to restrain complainant from taking possession of the property for a receiver, etc.

Complainant answered the cross-bill. The cause was heard on the merits and a decree was entered dismissing the original bill and granting the relief prayed by the cross-bill. The complainant appealed to the Supreme Court where alleged errors in entering the decree upon the merits were given consideration and the decree affirmed. Upon suggestions of defendants damages had been assessed against Darst to the amount of $500. It was argued that damages could be allowed only where a motion was made to dissolve the injunction or on final hearing when the only relief sought was by injunction. The amount of the damages was also questioned as excessive. The court held that the statute was not so limited. The opinion does not purport to decide the question here presented. The record does not disclose for what particular items damages were allowed, whether attorneys' fees or otherwise. The opinion, however, states:

"It is true, as was held in *Jevne v. Osgood et al.,* 57 Ill. 340, the proof should be confined to expenses incurred *in consequence of the injunction,* and it would be improper to include attorney's fees for services rendered about a branch of the case independent of the injunction; but where injunction is part of the relief sought, *it is within the letter and spirit of the statute that expenses, properly incurred on account of the injunction, may be assessed on its dissolution.*"

The opinion was filed in the September term, 1876, when the Supreme Court consisted of three judges, one of whom (Mr. Justice Breese) dissented as to damages, saying: "I think a rule has been adopted at variance with previous decisions of this court on this point."

The complainant says that this decision was rendered in the construction of a former, not the present, statute, and that the case has not been since cited with approval. Neither observation is correct. Section 12 of

the Injunction Act became law February 21, 1861 (Gross' Stats., 1869, p. 459, sec. 12), and with the exception of the proviso (immaterial here) has remained the law ever since. The decision has also been cited (but not to the point here involved) in the recent case of *Crozier v. Freeman Coal Mining Co.,* 363 Ill. 362, 2 N. E. (2d) 293. The *Darst* case was cited in the brief of defendant in *Lambert v. Alcorn,* 144 Ill. 313, at page 317, but is not mentioned in the opinion. It is apparent, we think, it was not regarded as inconsistent with the rule announced in that case. The *Darst* case does not purport to decide the question presented here. The rule laid down in the *Lambert v. Alcorn* case has been followed so often in the courts of this State that it may be said to have become woven into the web and woof of our law. Prior to the enactment of this statute it was error for a court of equity to assess damages upon the dissolution of an injunction (*Phelps v. Foster,* 18 Ill. 309), and in an action at law on the case for improperly causing a writ of injunction to be issued would not lie. *Gorton v. Brown,* 27 Ill. 488.

Illinois cases inconsistent with the construction for which defendants contend are *Jevne v. Osgood,* 57 Ill. 340; *Elder v. Sabin,* 66 Ill. 126; *Blair v. Reading,* 99 Ill. 600; *Moriarty v. Galt,* 125 Ill. 417; *Walker v. Pritchard,* 135 Ill. 103; *Kohlsaat v. Crate,* 144 Ill. 14; *Landis v. Wolf,* 206 Ill. 392; *Marks v. Columbia Yacht Club,* 219 Ill. 417. The Appellate and Supreme Court cases are reviewed in *Leonard v. Pearce,* 271 Ill. App. 428, where, citing 32 Corpus Juris 475, and 14 R. C. L. 487, 488, the opinion states that counsel fees which may be recovered "are limited to those necessary in procuring such dissolution, and if a defendant, instead of attempting to remove the preliminary injunction, seeks rather to prevent the issuing of a permanent injunction or directs his efforts to defeating the action of complainant, the expense of counsel fees incurred is

an incident of the suit and is not recoverable as damages sustained by reason of the injunction, and if there is nothing to show what portion of the services were rendered in attempting to procure such dissolution, as distinguished from those rendered in general defense of the suit, there can be no recovery.''

In *Dempster v. Lansingh,* 234 Ill. 381, it was contended that it was improper for the court to hear suggestions of damages until the cause was before the court on final hearing and after determination whether the relief sought should be granted. The Supreme Court held against this contention and said that the time for hearing was within the discretion of the chancellor ''with the express limitation that it must be after dissolving such injunction and before finally disposing of the suit.'' *Darst v. Gale,* 83 Ill. 136, and other cases were cited. The court also said:

''The law is, that where the injunction is ancillary to the principal relief sought, fees for defending the suit generally should not be assessed as damages upon the dissolution of the injunction.'' *Lambert v. Alcorn,* 144 Ill. 313; *Walker v. Pritchard,* 135 Ill. 103, and the *Jevne* case were also cited with approval.

In *Scherzer v. Keller,* 321 Ill. 324, the court, citing *Marks v. Columbia Yacht Club, Landis v. Wolf,* and *Dempster v. Lansingh,* said that the fact that the filing of the answer and preparation of the motion to dissolve also simplified the preparation for the defense of the cause on the merits was not material; that where the injunction was merely ancillary to the principal relief sought by the bill and its dissolution incidental to the defense made, ''counsel's fees incurred in defending the suit generally cannot be assessed as damages, but where they are necessarily incurred in procuring a dissolution of the injunction they may be allowed as damages.''

*Lambert v. Alcorn* has never in any case been distinguished, criticized or overruled. The rule there stated is consistent with the clear distinction between preliminary and perpetual injunctions as to their nature, purpose and function. Kerr on Injunctions, 6th Ed., p. 2; *Shrewsbury & Chester Ry. Co. v. Shrewsbury & Birmingham Ry. Co.,* 1 Sim. N. S. 410, 426; *Flippin v. Knaffle,* 2 Tenn. Ch. 238, and expresses the reasonable interpretation of the words of section 12 of the statute. As was said by the Supreme Court in *Jevne & Almini v. Osgood,* 57 Ill. 340, at p. 346: "The design of the statute is not that the defendants shall, where the injunction is dissolved, recover his attorney's fees for all that has been, or may be, done in the case. To give the statute such an unreasonable construction, would render it an instrument of great oppression."

The decree is affirmed.

*Affirmed.*

O'CONNOR, J., concurs.

McSURELY, P. J., dissenting: In *Darst v. Gale,* 83 Ill. 136, 144, in construing the injunction section under consideration it was held that, "This clearly covers *all* cases, as well where the injunction is but part of or incident to the principal relief sought, as where it is the sole object of the bill; and the damages to be assessed after the dissolution of the injunction and before finally disposing of the suit, are such as have been sustained, without regard to whether the injunction was dissolved by an interlocutory order on motion for that purpose, or on final hearing." This was quoted with approval in the recent case of *Crozier v. Freeman Coal Mining Co.,* 363 Ill. 362, 396, 397, citing the additional cases of *Kohlsaat v. Crate,* 144 Ill. 14, and *Walker v. Pritchard,* 135 Ill. 103. The majority opinion seems to me to be to the contrary, and I respectfully dissent.