Boynton et al., impl., etc., v. Robb et al.

CHARLES O. BOYNTON and GEORGE WALRODT, impleaded with Hiram E. Whitney, Appellants, v. ALBERT G. ROBB et al., Appellees.

APPEAL FROM DE KALB.

If the complainant to a bill upon which an injunction has been granted is corruptly induced to dismiss his bill, so that the sureties in the injunction bond may become liable, an action against them on the bond will not be sustained.

THE facts of this case are sufficiently stated in the opinion of the court.

W. T. BURGESS, for Appellants.

S. A. HURLBUT, for Appellees.

CATON, C. J. This was an action upon a bond given to obtain an injunction, in the usual form. The declaration avers, that the injunction had, by order of the court, been dissolved, and that the judgment enjoined had not been paid. To this declaration, Waldrodt and Boynton, the securities in the injunction bond, filed eight pleas; the two last of which are as follows:

"And for a further plea in this behalf the said defendants say actio non, because they say that on the 11th day of June, A. D. 1857, at Sycamore, in the county of De Kalb, the said Whitney, having good ground for setting aside the judgments and restraining the collection thereof, under executions issued thereon, which are in said declaration set forth, and being then and there a wholly irresponsible person, the said plaintiffs fraudulently combined and confederated with the said Whitney to defraud and injure these defendants in the premises, by procuring him to consent to a dismissal of said suit in chancery and dissolution of said injunction, thereby to render these defendants liable, upon said bonds, for the payment of said judgments, and to that end it was corruptly agreed between them, without the knowledge or consent of these defendants, that if the said Whitney would consent to dismiss his said bill, and allow said injunction to be dissolved, they would, among other things, forbear and extend for the space of one year, to the father of the said Whitney, the time of payment of a large debt due from the old man Whitney, father of Hiram E. Whitney, to the said plaintiffs, to wit, the sum of fifteen hundred dollars, to secure which the old man Whitney had conveyed, by deed in trust, a certain eighty acre lot, situated in the town of

Pampas, in said De Kalb county, in which said conveyance the said plaintiffs were the *cestuis que* trust, and that accordingly and in pursuance of said corrupt agreement, the said plaintiffs did forbear, or cause to be forborne, and day of payment given to the said old man Whitney for the space of one year, upon the debt and liability aforesaid, due from said Whitney to the said plaintiffs, and said Hiram E. Whitney did dismiss said bill and allow said injunction to be dissolved, and so these defendants say that the said order of the said Circuit Court, dismissing said bill and dissolving said injunction, was obtained by fraud by the said plaintiffs, and is void and of no effect by reason thereof, as to these defendants, and this they are ready to verify ; wherefore they pray judgment," etc.

"And for a further plea in this behalf, the defendants say *actio non*, because they say that on the 11th day of June, A. D. 1857, at Sycamore aforesaid, the said Whitney having good grounds for setting aside the judgment and restraining the collection thereof under executions issued thereon, which are in said declaration set forth, and being then and there a wholly irresponsible person, the said George A. Wood, the person for whose use and benefit this suit is brought, and in whom the equitable interest is, and then and there was, fraudulently combined and confederated with the said Whitney to defraud and injure these defendants in the premises, by procuring him to consent to a dismissal of said suit in chancery and dissolution of said injunction, thereby to render these defendants liable upon said bond for the payment of said judgments, and to that end, it was corruptly agreed between them without the knowledge or consent of these defendants, that if he, the said Whitney, would consent to dismiss his said bill and allow said injunction to be dissolved, that they would, among other things, forbear and extend the time of payment for one year after the same should become due and payable, to one William, father of the said Hiram E. Whitney, a certain debt due from the said William Whitney, the equitable or legal interest to which was then and there in the said George A. Wood ; said debt was for the sum of $1,500, and which had fallen due on the 2nd day of June, A. D. 1857, and to secure the payment of which debt the said William Whitney had conveyed, in trust, to one William B. Hovey, the following described land and premises, situate in the county of De Kalb, and State of Illinois aforesaid, to wit : north half of the north-east quarter of section twenty-eight, in township forty north, range five east ; also the north-east quarter of the north-west quarter of section twenty-three, in the same range ; and that accordingly and in pursuance of said corrupt agreement, the said Wood did forbear, or cause to be

forborne, and day of payment given to said William Whitney, upon said debt and liability due from him as aforesaid, and said Hiram E. Whitney did dismiss said bill and allow said injunction to be dissolved, and so these defendants say that the said order of the said Circuit Court, dismissing said bill, was obtained by fraud, by the said Wood, and is void and of none effect by reason thereof, as to these defendants, and this they are ready to verify ; wherefore they pray judgment," etc.

A demurrer was sustained to these pleas.

The law cannot allow parties to recover a judgment, who have become apparently entitled to it by the perpetration of such a fraud as is here confessed. It is the fraud of the plaintiffs below and not the fraud of the principal in the bond, of which the sureties have a right to complain. No matter from what motive the complainant in the injunction suit may have dismissed it, so as it was not brought about by improper inducements by the defendants in that suit, the sureties could have no cause to complain. The sureties took the risk that the complainant had good cause for the injunction, and that he would conduct it in good faith, but they did not undertake that the other parties would not corrupt and bribe him to dismiss a good cause of complaint. The complainant was himself irresponsible, so that a dissolution of the injunction could not hurt him very materially, while it would enable the judgment creditors to collect the amount of the judgment of the sureties. In this state of things they bribe the judgment debtor to dismiss his bill, to enable them to fix the liability upon the sureties. To allow such a fraud and conspiracy as this to triumph, shocks the moral sense of every upright mind, and would be a reproach to the law. Suppose the defendants in the injunction suit had ·bribed the complainant's attorney to dismiss the bill ; suppose a party should conspire with and bribe an agent or partner of another, to do an act for his benefit, would not a court of law crush the attempt of the party to reap the benefit of his corrupt practices ? If it would not, we confess to an ignorance of its principles and its spirit. The old and oft repeated principle, that a party shall not take advantage of his own wrong, applies here, or there never was a case for its proper application. We are satisfied the court below, in the hurry of the circuit business, did not fully understand the extent of the averments of these pleas. The judgment must be reversed and the cause remanded.

*Judgment reversed.*

BREESE, J. I do not concur in this opinion. The defendants, in neither of the pleas, allege any damage to them by reason of the agreement to dissolve the injunction, even if it were a corrupt

agreement. And although a good cause for an injunction might once have existed, it does not follow, nor is it so alleged in the pleas, that it did exist at the time of the agreement to dismiss the bill. If the defendants were not damaged by the dismissal, and they do not aver they were, they should not be permitted to evade their just responsibility.