ALFRED C. BRACKEBUSH

*v.*

DANIEL H. DORSETT *et al.*

*Filed at Ottawa June 15, 1891.*

1. INJUNCTION—*partial dissolution—whether releases surety.* By an original injunction the defendant was prevented from making or procuring to be made any transfer or assignment of property, patents, contracts or business, but afterward, by an order of court made pursuant to a stipulation entered into without the knowledge or consent of the surety on the injunction bond, the defendant was only thus prevented when it was not to carry out any contract then in existence for the

manufacturing and laying of conduits, and to close any negotiations then pending for the purpose of issuing licenses to parties in cities for the right to use said conduit under the patent, and to receive money and stock on such contracts: *Held,* that such order was, in effect, a partial dissolution of the injunction, but as it failed to change or enlarge the liability of the surety, it did not release him.

2. An injunction may be dissolved by a series of orders, one dissolving as to one part one day, and afterward another, by consent of the parties; and so long as the liability of the surety is not made different or more onerous thereby than it would have been by a single dissolution embracing the entire subject matter of the injunction, he will not be released.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. FRANK BAKER, Judge, presiding.

Mr. E. PARMELEE PRENTICE, for the appellant:

The alteration made in the injunction on May 22, 1886, was a material alteration of the obligation assumed by the surety, and released him. DeColyar on Principal and Surety, (Am. ed.) 389, and cases cited.

The court will not enter into the question what damages the surety has sustained by an alteration in his obligations, "for that would be to go into a vast variety of speculation, upon which no sound principle could be built." *Rees* v. *Berrington,* 2 Ves. Jr. 540; *Waters* v. *Simpson,* 2 Gilm. 574; *Calvo* v. *Davies,* 73 N. Y. 211.

The modification in question was not a mere "partial dissolution" of the injunction. Any material alteration in the obligations for which the surety signed, if made without his consent, will discharge him from all liability. *Sage* v. *Strong,* 40 Wis. 575; *Boynton* v. *Phelps,* 52 Ill. 210; Brandt on Suretyship, secs. 330, 338.

The undertaking of a surety is strictly construed. Brandt on Suretyship, sec. 338; *People* v. *Vilas,* 36 N. Y. 459; *Miller* v. *Stewart,* 9 Wheat. 680; *McMicken* v. *Webb,* 6 How. 296; *Smith* v. *United States,* 2 Wall. 219.

There must be an assent by the surety to the creditor's dealing with the principal debtor otherwise than in the manner pointed out by the contract, and it is no answer to say that it is for the advantage of the surety, or that he has sustained no prejudice. Brandt on Suretyship, sec. 345; *Bowers* v. *Cobb*, 31 Fed. Rep. 678; *Navigation Co.* v. *Rolt*, 6 C. B. (N. S.) 550; *Calvert* v. *Dock Co.* 2 Keen, 638; *Bragg* v. *Shain*, 49 Cal. 131; *Dodgson* v. *Henderson*, 113 Ill. 360; *Davis* v. *People*, 1 Gilm. 409; *Waters* v. *Simpson*, 2 id. 570; *Crossman* v. *Wohlleben*, 90 Ill. 537.

Any binding contract between the principal debtor and creditor which works a substantial change in the original contract, when made without the consent of the surety, will release the surety. *Gardner* v. *Harback*, 21 Ill. 129; *Cooper* v. *People*, 85 id. 417; *Mix* v. *Vail*, 86 id. 40; *Insurance Co.* v. *Johnson*, 120 id. 622; *People* v. *Toomey*, 122 id. 308.

The rule is absolute that there shall be no transaction with the principal debtor without acquainting the person who has a part interest in it. *Calvo* v. *Davies*, 8 Hun, 222; *Paine* v. *Jones*, 76 N. Y. 274.

The law requires that if there is any agreement between the principals with reference to a contract, to the performance of which another is bound as surety, he ought to be consulted in regard to any proposed alteration, and if he is not, or does not consent to the alteration, he will no longer be bound, and the court will not inquire whether it is or is not to his injury. *Paine* v. *Jones*, 76 N. Y. 274; *Rees* v. *Berrington*, 2 Ves. Jr. 540; *Rathbone* v. *Warren*, 10 Johns. 587; *Grant* v. *Smith*, 76 N. Y. 93; *Bangs* v. *Strong*, 7 Hill, 250.

Mr. JOHN WOODBRIDGE, and Messrs. H. S. & L. HELM, for the appellees:

No damages were given for the modification of the injunction, and it was not wrongful, and did not damage the defendants.

The modification of the injunction did not release the surety, because it left the original injunction intact as to several separate particulars. 2 High on Injunctions, sec. 1377.

No damages were awarded, accruing after the partial dissolution, for the particulars as to which the injunction was dissolved. *Harrison* v. *Seymour*, 1 L. R. C. P. 527.

In an action upon an injunction bond the sureties will not be permitted to go behind the final decree in the injunction suit and to assail the validity of an agreement upon which that decree was founded. *Oelrichs* v. *Spain*, 15 Wall. 211.

The court has a right to modify or dissolve, or partly to dissolve, an injunction without releasing the surety on the injunction bond.

Mr. Justice Scholfield delivered the opinion of the Court: ·

The bond upon which suit is brought in this case was executed in compliance with an order of court that an injunction issue against appellees, restraining appellee Daniel H. Dorsett from "making or procuring to be made any transfer or assignment of property, patents, contracts or business, as recited in the bill for injunction, or of any interest therein, to the Dorsett Conduit Manufacturing Company, or to any other person or corporation, and from in any way changing or incumbering the title to any of said property, or from making any change in the manner of conducting said business, and from disposing of any of the funds belonging to or derived from said business, except in the payment of current expenses, and from doing any act or thing which may prejudice the rights of the complainant in the bill for injunction in the premises, and to restrain appellees, Daniel H. Dorsett and Ellen R. Dorsett, from conveying or in any way incumbering the Oak Park real estate, or any part thereof." And the bond is conditioned for the payment to appellees of "all such costs and damages as shall be awarded against the complainant" in that suit "in

case the said injunction shall be dissolved." Twelve days after the making of the order and the executing of the bond, the court entered an order, pursuant to the stipulation of the parties to the injunction suit, that "the original injunction against appellee Daniel H. Dorsett be so modified as to allow said Dorsett to carry out any contracts now in existence for the manufacturing and laying of conduits, and to close any negotiations now pending for the purpose of issuing licenses to parties in cities for the right to use said conduit under said patents, and to receive moneys and stock on said contracts, which said moneys or stocks shall not be used except in the legitimate carrying out of such contracts, for legitimate expenses, and this shall not be construed to allow said Dorsett to make any general transfer or assignment of any of the property, right or interest claimed by said complainant, or in any other manner to prejudice complainant's interest as claimed, except that said D. H. Dorsett may carry out and close the New York negotiation, and may transfer all of the property, rights and interests claimed by complainant, but that said Dorsett, in case said New York negotiation shall be concluded while the injunction in said cause remains in force, shall deposit in the hands of the court, or as the court may order, all the stock and moneys received thereon, and shall not pay out or dispose of the same, except to pay legitimate expenses of the business, without the further order of this court, and that said Dorsett shall at once report to this court the full terms and conditions of any and all contracts, transfers or licenses which may be made on the premises during the existence of said injunction." This order was entered without the knowledge or consent of the sureties on the injunction bond. Subsequently, on final hearing, the injunction was dissolved and damages were assessed.

The question for our consideration is, did this order thus entered pursuant to the stipulation of the parties to the injunction suit, and without the knowledge or consent of the

sureties on the injunction bond, assume to materially change the contract of such sureties and enlarge their liability? We think it is plain that the order did not have that effect. The latter part of the order has nothing whatever to do with the injunction, and hence, with the undertaking of the sureties. It relates wholly to what appellee Daniel H. Dorsett is allowed to do, and the manner in which he shall do it; and the former part, which alone relates to the injunction, and hence to that which affects the liability of the sureties, is, in effect, but a dissolution, in part, of the injunction. By the original injunction, appellee Daniel H. Dorsett was prevented from making, or procuring to be made, any transfer or assignment of property, patents, contracts or business. By the order, pursuant to the stipulation, he is only thus prevented when it is not "to carry out any contracts now in existence for the manufacturing and laying of conduits, and to close any negotiations now pending for the purpose of issuing licenses to parties in cities for the right to use said conduit under said patents, and to receive moneys and stock on said contracts." As to a part of the subject of liability the sureties are thereafter relieved, because it is taken out of the injunction, and as to the residue they remain liable precisely as they were before.

We held in *Walker* v. *Pritchard et al.* 135 Ill. 103, that damages may be assessed on the partial dissolution of an injunction. This is sustained by 2 High on Injunctions, sec. 1649, and it is our answer to the contention of counsel for appellant that damages can only be assessed upon the dissolution of the entire order of injunction as made when the bond in suit was executed. Nothing in the bond, or the order of the court made when it was executed, or in the statute relating to the subject, requires that there shall be but one order of dissolution, embracing the entire subject matter of the injunction, to fix the liability of the sureties, and it can need no argument to prove that any order of court relieving any part of the subject matter of the injunction from the operation of

the injunction is, as to such part, a dissolution of the injunction. No reason can therefore be assigned why an injunction may not be dissolved by a series of orders, one dissolving as to one part to-day, another dissolving as to another part to-morrow, and so on; and so long as the liability of the sureties is not made different or more onerous thereby than it would have been by a single dissolution embracing the entire subject matter of the injunction, they can have no right to complain.

The judgment is affirmed.

*Judgment affirmed.*