ELBRIDGE G. KEITH *et al.*

*v.*

FREDERICK HENKLEMAN *et al.*

*Opinion filed April 21, 1898—Rehearing denied June 9, 1898.*

1. EQUITY—*equity having jurisdiction for one purpose may retain it for all.* Where equity has acquired jurisdiction for the purpose of administering equitable relief it may determine all matters at issue, though by so doing it may establish purely legal rights and grant legal remedies.

2. SAME—*equity, on reforming bond, may assess damages for its breach.* A court of equity having acquired jurisdiction to reform an injunction bond, is not required to remit the parties to their remedy at law for damages, but may incidentally assess such damages as are shown to have resulted from its breach.

3. SAME—*jury trial is not a matter of right in chancery cases.* It is discretionary with the chancellor to require issues of fact to be tried by a jury, and even where he submits such issues to a jury he is not bound by the verdict.

4. SAME—*constitutional right of jury trial does not extend to chancery cases.* The right of trial by jury guaranteed both by the United States and the Illinois constitutions, does not extend under either to cases in chancery.

5. SAME—*chancellor's assessment of damages for breach of bond does not invade right of jury trial.* The assessment of damages for breach of an injunction bond, by the chancellor without calling a jury, is not an invasion of the constitutional right of trial by jury.

6. INJUNCTION—*failure to assess damages on dissolution is not a bar to recovery on bond.* Failure to assess damages on dissolution of an injunction in the manner provided for in section 12 of the Injunction act (Rev. Stat. 1874, p. 580,) does not bar recovery on the bond.

7. SAME—*damages are recoverable on dissolution of injunction.* Damages are recoverable on an injunction bond whenever the injunction has been vacated, wholly or in part; and any order of court relieving a part of the subject matter of the injunction from its operation is, as to such part, a dissolution.

8. SAME—*damages may be assessed before injunction suit is finally determined.* Where an injunction bond provides for the payment of damages in case of dissolution, upon bill filed to reform the bond after the injunction has been dissolved on motion, equity may assess the damages though the merits of the injunction case have not been finally determined.

9. DAMAGES—*attorney's fees for procuring dissolution of injunction may be allowed as damages.* Attorney's fees necessarily incurred in

dissolving an injunction may be allowed in assessing damages provided for by the injunction bond in case of such dissolution.

10. BONDS—*stipulation modifying injunction does not release sureties on injunction bond.* · The sureties on an injunction bond, in a suit to restrain a sheriff from paying over the proceeds of a sale of property on execution, are not released by a stipulation between the principal obligor and the execution creditors that the sheriff might retain the money until the determination of a motion in the case for the appointment of a receiver.

*Keith* v. *Henkleman,* 68 Ill. App. 623, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. FARLIN Q. BALL, Judge, presiding.

JAMES A. PETERSON, for appellants:

Attorney's fees, on the dissolution of the injunction, are assessed as damages, within the discretion of the chancellor before whom the writ of injunction issued. *Lichtenstadt* v. *Fleischer,* 24 Ill. App. 92.

An injunction is a lawful remedy, and there should be no excessive damages. *Panton* v. *Collar,* 12 Ill. App. 160; *Mackay* v. *Plumb,* 36 id. 607.

No attorney's fees can be assessed as damages on the dissolution of the injunction unless the same be for services distinctly separate from those necessarily rendered in the preparation for or on the trial of the cause, and especially none when the injunction is only ancillary to the principal object of the action. *Walker* v. *Pritchard,* 135 Ill. 103; *Gerard* v. *Gateau,* 15 Ill. App. 520; *Field* v. *Mendenwald,* 26 id. 642; *Zibbell* v. *Barrett,* 30 id. 112; *Jevne* v. *Osgood,* 57 Ill. 341; *Mackay* v. *Plumb,* 36 Ill. App. 604.

Upon a bill filed to reform a bond or restore a lost bond the trial by jury is a matter of right. *Clavering* v. *Clavering,* 2 Ves. Sr. 233; 1 Story's Eq. Jur. (13th ed.) secs. 72-74; 1 Maddock's Ch. Pr. 27.

The right to a trial by jury in this case is guaranteed by the constitution of the United States and the consti-

tution of Illinois. U. S. Const. 7th amendment; Ill. Const. sec. 5, art. 2.

Disputed questions of fact in chancery should be tried by a jury. *Russell* v. *Paine*, 45 Ill. 350; *Parker* v. *Shannon*, 114 id. 192.

TENNEY, McCONNELL & COFFEEN, for appellees:

A court of equity having acquired jurisdiction for the purpose of reforming an instrument, is not required to stop there and turn the plaintiff over to a new action to recover his damages, but has the right to give relief in damages, or in such mode as justice requires. 2 Beach on Modern Eq. Jur. sec. 538; 2 Story's Eq. Jur. sec. 796.

When a court of equity has jurisdiction over a cause for any purpose it may retain the cause for all purposes, and proceed to a final determination of all the matters at issue. 1 Pomeroy's Eq. Jur. sec. 181.

The first ten articles of amendment to the United States constitution were not intended to limit the powers of the State governments in respect to their own people, but to operate on the national government alone. *Spies* v. *Illinois*, 123 U. S. 131.

The verdict of the jury was advisory, merely, and not binding on the chancellor. He may set it aside or disregard it, and enter a contrary decree without noticing the verdict, even to the extent of vacating it. *Milk* v. *Moore*, 39 Ill. 504; *Guild* v. *Hull*, 127 id. 523.

Under our present constitution the right of trial by jury is preserved, but that provision has no reference to cases in which courts of equity have jurisdiction. *Ward* v. *Farwell*, 97 Ill. 593.

When the injunction is dissolved by a court of chancery as a result of regular proceedings which are in law effectual to bring about the dissolution, the defendants may have such damages assessed as they are entitled to before the dismissal of the bill. *Garrity* v. *Railway Co.* 22 Ill. App. 404.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court, affirming a decree of the Superior Court of Cook county reforming an injunction bond, from which the seals of the obligors had been omitted by mistake, and enforcing the bond, so reformed, by assessing the damages recoverable under it. The bond was given upon the issuance of an injunction, procured by the appellant, John L. Peterson, in a bill, filed by him against the Brabrook Tailoring Company and others to restrain the sheriff from paying over the proceeds of the sale of the property of that company, which he held under execu- tions in favor of the appellees and others. Upon this injunction bond Peterson was the principal obligor, and the two other appellants, Keith and Stanton, were sure- ties. Appellees and certain of the other defendants were obligees in the bond.

The case is now here the second time. Our decision in it, when it was here before, is reported as *Henkleman* v. *Peterson,* 154 Ill. 419. Upon the former hearing we held, that the injunction bond, which purports by its terms to be a sealed instrument, might be corrected, as against the sureties, by adding to their signatures seals which had been omitted by mistake; and that the bond should be so corrected, its recital showing that it was the in- tention of the parties that it should be sealed and made sufficient. The judgment then entered reversed the judg- ment of the Appellate· Court and the decree of the Su- perior Court of Cook county, and remanded the cause to the latter court.

When the cause was re-docketed in the latter court, testimony was taken in reference to the assessment of damages, occasioned by reason of the injunction. A de- cree was entered, fixing the amount of such damages and apportioning them between the complainants, so as to give judgment against the obligors on the bond for the

damages occasioned to each of the complainants separately, and so as to relieve appellants from all damages or other liabilities to the other obligees in the bond.

The damages, assessed by the court below, consist of three items, one of $1000.00, one of $208.29, and the third of $21.00, amounting altogether to $1229.29. The sum of $1000.00 was allowed for solicitors' fees, incurred in procuring a dissolution of the injunction. The sum of $208.29 was for interest on the net proceeds of the sale of the property, during the time the injunction was in force, that is to say, from January 1, 1891, to May 5, 1891, the latter date being the date of the dissolution of the injunction. The sum of $21.00 represented an unpaid balance on the bill for printing abstract and brief.

*First*—The first question presented is, whether the court, having jurisdiction to reform and correct the bond, had also jurisdiction to enforce the bond by assessing the damages occasioned by reason of the injunction, or whether it was necessary for the court to remit the parties to their actions at law upon the bond to recover such damages. We are of the opinion, that the court committed no error in assessing the amount of the damages.

It is well settled that, when a court of equity has jurisdiction of a cause for one purpose, it will retain such jurisdiction for all purposes. When the controversy requires any purely equitable relief, such as will give a court of equity the right to act, the court will proceed to a determination of all the matters at issue, and, in doing so, it may establish purely legal rights and grant legal remedies, which would otherwise be beyond its power. The concurrent jurisdiction of equity may thus be exercised over legal causes of action, in order to avoid a multiplicity of suits. (1 Pomeroy's Eq. Jur. sec. 181).

This principle has been applied to cases, where equity obtains jurisdiction for the purpose of reforming and correcting an instrument on account of some mistake, and then proceeds to ascertain the damages recoverable upon

the instrument itself. "The court, having acquired jurisdiction for the purpose of reforming the instrument, is not required to stop there, and turn the plaintiff over to a new action to recover his damages; but has the right incidentally to give relief in damages, or in such other mode as justice requires." (2 Beach on Modern Eq. Jur. sec. 538). In *Bidwell* v. *Astor Mutual Ins. Co.* 16 N. Y. 263, which was a proceeding to reform an insurance policy in certain particulars, it was held, that the court was not obliged to stop with reforming the policy, and turn the plaintiffs over to a new action to recover their damages. It was there said, that when a court of equity had acquired jurisdiction and had the whole merits before it, it can proceed to do complete justice between the parties. In *Wells* v. *Yates*, 44 N. Y. 525, a deed was reformed, and a decree entered against the defendant for the damages, caused by his cutting timber from the land. It was there said: "The court, having jurisdiction to amend the contract, thereby acquired the right incidentally to give relief in damages, or in such mode as justice required."

In *Mercantile Ins. Co.* v. *Jaynes*, 87 Ill. 199, where a policy of insurance, by mistake, was made to expire on a day prior to its date, it was held, that in a proceeding by bill in equity to correct the mistake in the policy, it was competent for the court, in the same decree, to rectify the mistake, and give judgment for the amount due upon the policy, as rectified. In *Continental Ins. Co.* v. *Ruckman*, 127 Ill. 364, it was held, in a proceeding where the circuit court decreed the reformation of an insurance policy, that it was proper for the court, the property insured having been destroyed by fire, to enter a decree in favor of the complainant for the amount of his loss. (See also *German Fire Ins. Co.* v. *Gueck*, 130 Ill. 345).

But it is claimed by counsel for appellants, that the damages should have been assessed by a jury upon two grounds. In the first place, it is said, that disputed questions of fact in chancery should be tried by a jury. The

rule, however, in this State is, that it is discretionary with the chancellor to require the issues of fact, arising in equity cases, to be tried by a jury before the entry of a decree. The chancellor is the sole judge of the evidence and its weight; and, when he directs an issue of fact to be tried by a jury to inform his conscience, he may adopt the verdict of the jury, or he may disregard it. It follows that a jury trial is never a matter of right in a chancery case. The verdict of the jury in such cases is advisory merely, and not binding upon the chancellor. (*Milk* v. *Moore*, 39 Ill. 584; *Russell* v. *Paine*, 45 id. 350; *Maynard* v. *Richards*, 166 id. 466; *Guild* v. *Hull*, 127 id. 523). In the second place, it is contended, that the appellants were entitled to a jury trial, as to the amount of damages to be assessed against them, under both the constitutions of the United States and of the State of Illinois. The provision of the Federal constitution relied upon is the seventh amendment, which reads as follows: "In suits at common law, when the value in controversy shall exceed $20.00, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise re-examined in any court of the United States than according to the rules of the common law." This provision is by its very terms limited to suits at law, and does not refer to suits in chancery courts. In addition to this, the first ten articles of amendment to the Federal constitution were not intended to limit the powers of the State governments in respect to their own people, but to operate on the national government alone. (*Spies* v. *Illinois*, 123 U. S. 131). In *Iowa Central Railway Co.* v. *Iowa*, 160 U. S. 389, it was held to be no denial of a right, protected by the constitution of the United States, to refuse a jury trial in a civil case pending in a State court, even though it may have been clearly erroneous to construe the laws of the State as justifying the refusal.

The provision of the State constitution referred to by counsel is section 5 of article 2, which reads as follows:

"The right of trial by jury, as heretofore enjoyed, shall remain inviolate," etc. This provision introduced no new rule of law, but merely preserved the right already existing. It does not apply to suits in equity, or to any statutory proceeding to be had in courts of equity. We have held that, under our present constitution, the right of trial by jury is preserved, but that the foregoing provision has no reference to cases, in which courts of equity have jurisdiction; and that the right to such trial does not extend to cases in equity, but is confined to cases at law. (*Ward* v. *Farwell,* 97 Ill. 593; *Flaherty* v. *McCormick,* 113 id. 538; *Harding* v. *Fuller,* 141 id. 308). We are of the opinion that, by the assessment of damages without calling a jury, the court below invaded no right of the appellants, either under the Federal constitution, or under the State constitution.

*Second*—It is further claimed on behalf of the appellants, that damages could not be assessed upon the bond, because the suit, in which the bond was given, had not been finally determined on its merits when this bill was filed, and because this injunction was dissolved by motion on the face of the bill. This contention is without force. By the terms of the bond the appellants agreed to pay such damages as were occasioned by the wrongful issuing of the injunction, and also such damages as might be awarded the complainants in case the injunction should be dissolved. It is not denied, that the injunction was dissolved prior to the filing of this bill; and it also clearly appears that the injunction was wrongfully issued. It makes no difference, that the decree, dismissing the bill on its merits, was not entered until after the present bill was filed. The conditions of the bond do not require, that the damages should be assessed in the chancery suit, or before suit is brought on the bond. It is sufficient, that the damages are assessed in the suit on the bond itself. It appears from the language of the statute, that damages may be assessed even while

the injunction suit is pending. Section 12 of the Injunction act provides, that, in all cases where an injunction is dissolved by any court of chancery in this State, the court, after dissolving such injunction and before finally disposing of the suit, upon the party claiming damages by reason of such injunction suggesting, in writing, the nature and amount thereof, shall hear evidence, and assess such damages, as the nature of the case may require, and to equity may appertain, to the party damnified by such injunction, and may award execution to collect the same. Said section 12 also contains the following proviso, to-wit: "*Provided*, a failure so to assess damages shall not operate as a bar to an action upon the injunction bond." The fact, that no damages are awarded on the dissolution of the injunction, is no obstacle to a recovery on the bond. (*Linington* v. *Strong*, 8 Ill. App. 384; *Hibbard* v. *McKindley*, 28 id. 240; *Brown* v. *Gorton*, 31 id. 416; *Mix* v. *Vail*, 86 id. 40). Damages are recoverable on an injunction bond, whenever the injunction has been vacated, either wholly or in part; and any order of court, relieving any part of the subject matter of the injunction from the operation of the injunction, is, as to such part, a dissolution of the injunction. (*Brackebush* v. *Dorsett*, 138 Ill. 167). The question, when and how damages are assessed against the complainant in a chancery suit, is not important here, because this is really a suit on the bond, although the assessment of damages was made in equity; and the only question is, whether there has been a breach of the conditions of the bond. (*Kohlsaat* v. *Crate*, 144 Ill. 14).

Whether the assessment of damages is proper or not when an injunction is dissolved upon demurrer to the bill or upon motion to dissolve, will depend upon the question, whether the services of the attorney, sought to be assessed as damages, have special reference to the injunction, or are in general defense of the suit. Where counsel fees are necessarily incurred in procuring the dissolution of an injunction, they may be allowed as

damages. When, however, they are incurred in defeating the suit generally, they cannot be assessed as damages. (*Walker* v. *Pritchard*, 135 Ill. 103). In the case at bar, the decree of the court below finds, that the appellees here retained counsel, immediately upon the filing of the bill in the case of *Peterson* v. *Brabrook Tailoring Co.*, mentioned in the bond and in the pleadings herein, to obtain the dissolution of said injunction; that said counsel charged to appellees, and, prior to the filing of this bill, appellees paid for the services of said counsel, in procuring the dissolution of said injunction, the sum of $1000.00; and that said sum was the usual and customary charge for services of that character, and was a fair and reasonable charge for the services rendered by said counsel in procuring such dissolution. This finding is fully sustained by the evidence, and states what is necessary to sustain a charge for attorney's fees, as an element of damages upon an injunction bond.

*Third*—It appears that, on April 3, 1891, the appellees entered into a stipulation with the principal obligor, Peterson, to which the sureties, Keith and Stanton, were not parties, by the terms of which stipulation the sheriff was to keep the money due on the executions, until the motion for a receiver was determined. This motion was made about March 27, 1891, and was disposed of June 29, 1891. It is claimed by counsel for appellants, that this stipulation in some way changed the liability of the principal obligor, Peterson, and, therefore, discharged the sureties. This contention, also, is without force. The stipulation referred to did not change the contract evidenced by the bond, nor was the liability of the principal obligor in the bond for the damages, occasioned by the injunction, varied in any respect. His liability remained exactly as it was before the stipulation was made. It is true that, on account of the stipulation, the failure of the complainants to get their money on May 5, 1891, when the injunction was dissolved, was not due to the injunction;

but the court did not assess against appellants, as damages, interest on the money in the sheriff's hands after May 5, 1891. The interest assessed against them as damages was for the period only, during which the injunction was in force, and not for the period covered by the stipulation in question. In *Brackebush* v. *Dorsett, supra,* it was held that an order by stipulation, modifying an injunction, does not change the liability of the principal or surety, so as to discharge the latter.

After a careful examination of the whole record, and after a careful consideration of all the numerous points, made by counsel for the appellants in his brief, we discover no sufficient reason for interfering with the decree of the court below.

Accordingly, the judgment of the Appellate Court, and the decree of the Superior Court of Cook county, are affirmed.

*Judgment affirmed.*