## Randall Cassem v. Charity Ernst and George W. Ernst.

1. PLEADING—*Confession of Matter Not Traversed.*—Every pleading at law is taken to confess such traversable matter alleged on the other side as it does not traverse.

2. INJUNCTION BONDS—*Construction of Conditions.*—The words in an injunction bond that the surety is to " pay the damages resulting to the obligee by reason of the issuing of the injunction, in case the same shall be dissolved," mean a dissolution by order of court, either in a final decree, upon a motion to dissolve, or upon the complainant's failure to prosecute the suit, and not a dissolution by agreement of the parties upon a settlement of all or a part of the controversies involved.

3. SAME—*What is Not a Dissolution as Contemplated by the Bond.*—The dissolution of an injunction pursuant to an agreement of the par-

Cassem v. Ernst.

ties, the consideration of which is the payment of a sum of money by the defendant to the complainant, is not such a dissolution as is contemplated by the terms of the injunction bond.

**Debt,** on an injunction bond. Trial in the Circuit Court of Kendall County; the Hon. CHARLES A. BISHOP, Judge, presiding. Finding for defendants; appeal by plaintiff. Heard in this court at the May term, 1899. Affirmed. Opinion filed July 20, 1899.

ALSCHULER & MURPHY, attorneys for appellant.

Where an injunction was dissolved, and the bill dismissed by stipulation between the parties, it was held that the surety upon the injunction bond was not thereby released. Brackebush v. Dorsett, 37 Ill. App. 581, 138 Ill. 167; Keith v. Henkleman, 173 Ill. 137.

On an assessment of damages, after dissolution of injunction, the dismissal of bill and dissolution of injunction are conclusive evidence that the writ was wrongfully sued out. Cummings et al. v. Mugge, 94 Ill. 186; Towle v. Towle, 46 N. H. 431; Oelrich v. Spain, 15 Wall. 211.

A. C. LITTLE, attorney for George W. Ernst, one of the appellees.

It is the wrongful suing out of the writ which creates liability on the bond. Palmer v. Foley, 71 N. Y. 106, and authorities there cited.

No action can be maintained on the bond without a final adjudication by the court. Columbus H. V. & T. R. Co. v. Burke et al., 32 L. R. A. 329.

And to the same effect are the following-named authorities: Gray v. Veirs, 33 Md. 159; Bank of Monroe v. Gifford, 65 Ia. 648; Brown v. Galena M. S. Co., 32 Kan. 528; Cohn v. Lehman, 93 Mo. 574.

And it must be judicially determined whether the complainant is entitled to a writ before an action on the bond will lie. Terry et al. v. Primary School, 72 Ill. 476; Woerishoffer et al. v. L. E. & W. Ry. Co. et al., 25 Ill. App. 84.

If the writ was lawfully issued there can be no damage. Staples v. White, 88 Tenn. 30; Lichtenstadt v. Fleisher et al., 24 Ill. App. 92; Deming v. Young, 67 Ill. App. 668.

If the dismissal of the bill has been procured by corrupt means then no action on the bond will lie. Boynton et al. v. Robb et al., 22 Ill. 525.

MR. JUSTICE DIBELL delivered the opinion of the court.

This is a suit brought by Randall Cassem against Charity A. Ernst, the principal, and George W. Ernst, the surety, upon an injunction bond. The principal was defaulted and did not defend. The surety pleaded *non est factum* and a special plea. A reply to the special plea was filed, issues were joined, jury was waived, there was a trial by the court, and a finding and a judgment for defendants. Plaintiff appeals.

The special plea by the surety set up, first, that said injunction had never been dissolved or modified by any decree of court, but the parties to the chancery suit in which said injunction bond was given, while said injunction was in full force and effect and said cause pending and undetermined, settled and adjusted their controversies involved in said suit without the knowledge or consent of said surety, and entered into an agreement to dismiss the suit, and did dismiss the suit; and that Charity A. Ernst was insolvent; second, that though in the stipulation to dismiss, a right to damages on the injunction bond was reserved, yet in fact one of the considerations for the said agreement to dismiss the suit was that Cassem was to make no claim for damages against either complainant or her surety on said injunction bond, on account of the issuing of said injunction, or of any injury or damage Cassem had sustained by reason thereof, and that the filing of the stipulation was to cancel and discharge, and render null and void, the bond, as well as to dismiss said suit, and was a full and complete settlement and adjustment of all matters pertaining to said cause. Plaintiff did not demur to the plea for duplicity, but filed a replication. In the replication he neither traversed nor confessed and avoided the matter in said plea first above recited relative to a settlement of the controversy and agreement to dismiss the suit, made between the parties

while the injunction was in full force, and without the knowledge and consent of the surety, while Charity A. Ernst was insolvent. Every pleading at law is taken to confess such traversable matter alleged on the other side as it does not traverse. (Heard's Civil Pleading, 162.) Therefore if said matter constitutes a defense it was confessed by the replication, which was directed only to a denial of the matter in the plea secondly above stated.

The bond was given in a chancery suit in which Charity A. Ernst was complainant, and Randall Cassem and Lyman Baldwin, a justice of the peace, were defendants. The bill of complaint was not put in evidence, but its scope and purpose appear from oral evidence. That evidence shows that Mrs. Ernst occupied a house and lot known as 185 Iowa avenue, Aurora; that she had deeded it to Cassem and he had brought suit against her in forcible detainer for its possession before Baldwin and had recovered judgment. The bill attacked the validity of the deed and sought to enjoin the justice of the peace from proceeding further and Cassem from taking possession. Cassem had deeded Mrs. Ernst lands in Tennessee and other distant States. The bill claimed the lands were worth less than mortgages upon it, and that Cassem had defrauded Mrs. Ernst concerning them, and sought relief against the transaction. Cassem had a money judgment against Mrs. Ernst, and the bill sought to enjoin Cassem from collecting it. Cassem held deeds from Mrs. Ernst for certain other lands in this State, and the bill charged they were obtained by him by fraud, and it sought to enjoin him from conveying or encumbering them, and asked the cancellation of said deeds. These transactions between the parties had taken place while Cassem was acting as solicitor for Mrs. Ernst. A preliminary injunction was ordered as prayed, and the bond in suit, with a penalty of $800, was given under that order, and an injunction duly issued.

Evidence was taken in said chancery cause and it was argued and taken under advisement. Negotiations for a settlement between Mrs. Ernst and Cassem were then begun

through the mediation of others and continued for about three months. The negotiations resulted in Cassem paying Mrs. Ernst $400, and in her surrendering possession of 185 Iowa avenue, and of a furnace owned by Mrs. Ernst therein, worth $50, and in both Mrs. Ernst and Cassem signing a stipulation entitled in said cause, the body of which was as follows:

" It is hereby stipulated and agreed by and between the respective parties, complainant and defendant in the above entitled cause, that this cause be dismissed at complainant's cost, and that the injunction heretofore issued herein be and the same is hereby dissolved; and it is further stipulated and agreed that the defendant reserves all his rights to damages on the injunction bond given in this cause."

This stipulation was filed in said chancery cause and the following order was entered:

" This day comes the complainant by Little, her solicitor, and the defendant in his own proper person, and on motion this suit is dismissed, as per stipulation on file, at the cost of complainant, and leave is given the defendant, Randall Cassem, to file suggestion of damages on the dissolution of the injunction."

Francis Ayers and George W. Evans (the latter a son of Mrs. Ernst) assisted in conducting the negotiations for settlement and in seeing that Cassem actually paid the money, and that Mrs. Ernst actually got out of the house. Cassem paid each of them $50, but neither he nor Ayres could tell what for, and Evans was not asked. Cassem therefore paid $500 in all to secure this settlement.

Thereafter this suit upon the bond was begun. Upon the trial the evidence as to damages was confined to the rental value of 185 Iowa avenue, from the filing of the bill to the date of the making of the stipulation, on which date, after it was signed and the $400 paid, Mrs. Ernst surrendered possession to Cassem.

It is clear the written stipulation did not embody all the agreements then made between Cassem and Mrs. Ernst. It says nothing about the payment of the $400, nor the surrender of possession, which all concur was part of the

agreement then made. There is a great conflict of testimony as to what else was agreed to outside the writing. For the purpose of this opinion we will assume the preponderance of the evidence is that Cassem did not agree to release the injunction bond.

Nevertheless, we are of the opinion that the facts averred in the special plea, as first above stated, constituted a good defense to the surety; and not only were they admitted by the silence of the replication, but they were also proved. The obligation of the surety was to pay the damages resulting to Cassem " by reason of the issuing of said injunction, in case the same shall be dissolved." We are of opinion this means a dissolution by order of court, either in a final decree or upon a motion to dissolve, or upon complainant's failure to prosecute her suit; but not a dissolution by agreement of complainant and defendant upon a settlement of all or a part of their controversies involved in the suit. Here Mrs. Ernst agreed to dismiss at her cost her bill of complaint by which she had set up these charges of fraud against Cassem, and had sought cancellation of these conveyances, and agreed to surrender to Cassem possession of 185 Iowa avenue, and her furnace therein, and he agreed to pay her $400 in cash. Mrs. Ernst and Cassem carried out these agreements. It would be most unjust that the surety should thereafter be held liable upon the injunction bond. It was no part of his contract that the parties to the suit might make a settlement and leave him liable. By the settlement the parties made it impossible for the surety to show whether or not the injunction was in fact rightfully sued out. Mrs. Ernst did not fail to prosecute her suit, and the court did not dissolve the injunction by any action of its own, or upon any judicial determination that it was wrongfully sued out or ought to be dissolved. It is indeed said in Cummings v. Mugge, 44 Ill. 186, that the dissolution of the injunction and dismissal of the bill is conclusive that the injunction was wrongfully sued out, but in that case the court dissolved the injunction upon a hearing of a motion to dissolve. That language

was used in a case where there had been a judicial deter-
mination that the injunction was wrongfully sued out.
Here the injunction was merely dissolved pursuant to the
later contract of complainant and defendant, the considera-
tion of which was the payment of a large sum of money by
defendant to complainant; and in our judgment this was
not such a dissolution as was contemplated by the terms of
the bond.  C., H. V. & T. Ry. Co. v. Burke, 54 Ohio St. 98,
and 32 L. R. A. 329, is not fully in point, as the bond there
sued upon expressly provided the obligors should be liable
only if it should be finally decided that the said injunction
ought not to have been granted.  Yet some of the prin-
ciples there laid down seem to us applicable here.  It is
there said :

"Any agreement between the parties, subsequent to the
allowance of the injunction, by which the action is dis-
missed and the injunction dissolved, is not sufficient in an
action upon the bond, where there has been no judicial
determination that the injunction should not have been
allowed; and consequently an award made by arbitrators
selected by the parties, and in no way subject to the control
of the court, can not have that effect, for it only binds the
parties as an agreement, not as a judgment rendered by the
court in the exercise of its jurisdiction upon the case made
by the parties and submitted to it."

See also the cases cited, of which the court further said:

"In all the cases with which we are familiar, or that have
been cited in argument, the courts have required, as a neces-
sary predicate in an action on the bond, a judicial deter-
mination of the merits of the case in favor of the defendant
in the action in which the bond was given, either in a trial
on the merits, or on a motion to dissolve the injunction,
except those where the plaintiff dismisses his action without
the consent of the defendant."

The cases of Boynton v. Phelps, 52 Ill. 210, Brackebush
v. Dorsett, 138 Ill. 137, and Keith v. Henkleman, 173 Ill.
137, show that in Illinois a surety on an injunction bond
may be liable under certain circumstances, though the
injunction was dissolved by stipulation between complain-
ant and defendant.  But that rule has never been extended
to a case where the defendant recognized the validity of the

claims of complainant to the extent of paying complainant a substantial sum of money to induce her to abandon them and dismiss the bill.

Moreover there was evidence tending to show an express agreement between complainant and defendant to make the settlement take such a form that while Cassem, the defendant, should pay complainant a considerable sum of money, the surety should still be left liable on the bond. Even if complainant and defendant supposed they had a right to make such a contract, still in effect it would operate as a fraud upon the surety, and ought not to be permitted to establish a cause of action against him. Boynton v. Robb, 22 Ill. 525.

As this defense was personal to the surety, and arose from facts occurring after the bond in suit was given, it may well be plaintiff was entitled to a judgment against Mrs. Ernst upon her default. Byers v. Bank, 85 Ill. 423; Fish v. Farwell, 160 Ill. 236.

But he has not in argument claimed the court erred in not entering judgment against her, and has therefore waived. that error, if such it was.

The judgment is therefore affirmed.