## Clarence W. Marks v. Chicago Yacht Club.
### Gen. No. 12,022.

## Clarence W. Marks v. Columbia Yacht Club.
### Gen. No. 12,442.

1. MOTION TO DISSOLVE—*nature of, where predicated upon face of bill.* A motion to dissolve, predicated upon the face of the bill, is, in effect, a demurrer.

2. ASSESSMENT OF DAMAGES—*when allowance of solicitor's fees upon, proper.* Where the work of the solicitors was directed toward obtaining a dissolution of the injunction and had no reference to the merits of the case, except insofar as the law learned by counsel upon the investigation and argument of the motion might have been used afterwards (but was not) upon the merits of the bill, it is proper to predicate an allowance of damages thereon.

3. ASSESSMENT OF DAMAGES—*when amount of solicitor's fees, will not be disturbed.* The amount of the solicitor's fees to be allowed upon an assessment of damages upon the dissolution of an injunction, is, primarily, for the chancellor and when he has passed upon that question the Appellate Court will not disturb his finding unless it believes from an inspection of the whole record that the chancellor is clearly mistaken.

Injunctional proceeding. Appeals from the Circuit Court of Cook County; the Hon. LOCKWOOD HONORE, Judge, presiding. Heard in this court at the October term, 1904. Affirmed. Opinion filed July 3, 1905. Rehearings denied July 13, 1905.

**Statement by the Court.** In May, 1901, appellant filed a bill against appellees and others, alleging that the Columbia Yacht Club was wrongfully constructing a clubhouse "immediately adjoining the inner breakwater on the east and just south of the south line of Randolph street produced," and that the Chicago Yacht Club was building a clubhouse on the Lake Front "at the foot of Monroe street produced," in the city of Chicago; and that such buildings obstructed his view of Lake Michigan and interfered with the right of ingress and egress from said Lake to his property. The prayer of the bill was that each of the appellees be restrained from erecting or continuing to erect its said building. May 21. 1901, an injunction, as prayed, was obtained without

notice to appellees, or to either of them, and was at once served upon each of the appellees. Two days later the Chicago Yacht Club entered its appearance and filed a general demurrer to said bill, and also filed a motion to dissolve the injunction, giving notice that it would the next day ask the court to set the motion down for hearing May 25, 1901. May 24, 1901, the Columbia Yacht Club filed its general demurrer to said bill, and also filed a motion to dissolve said injunction. May 25, 1901, it had said motion set down for hearing two days later. Both motions came on for argument May 29, 1901. June 20, 1901, the Chicago Yacht Club withdrew its motion to dissolve the temporary injunction without prejudice, and it was ordered that the cause stand as though no such motion had been made. The Chancellor dismissed the bill as to certain defendants not here concerned, dissolved the injunction as to the Columbia Yacht Club, and retained the bill as to the latter club until the final hearing. The Chicago Yacht Club perfected an appeal to this court. By an order entered October 10, 1901, we reversed the injunctional order of the Circuit Court.

April 24, 1904, the original bill and cross-bills were dismissed for want of prosecution, the Circuit Court retaining jurisdiction solely for the purpose of assessing damages for the wrongful suing out of the temporary injunction.

Each of the appellees filed its separate suggestion of damages instanter. A hearing was had upon these suggestions in September, 1904, which resulted in decree from which this appeal was taken. At that hearing each of the appellees presented evidence relating exclusively to its own claim for damages, and the Chancellor by such decree found and fixed the damages of the Columbia Yacht Club at the sum of $700; and also found and fixed the damages of the Chicago Yacht Club at the sum of $1,200. The decree also required appellant upon an appeal to give an appeal bond to each of said Clubs, which was done accordingly.

STEIN, MAYER, STEIN and HUME, for appellant; PHILIP STEIN, of counsel.

ARNOTT STUBBLEFIELD, WILLIAM H. QUINLAN, N. W. HACKER and GEORGE B. SHATTUCK, for appellees.

MR. PRESIDING JUSTICE BALL delivered the opinion of the court.

Appellant contends that the decree of the Circuit Court should be reversed for the following reasons: First, because the services of solicitors upon which the claims were based were rendered upon the argument of the general demurrers to the bill and for services rendered in general defense of the case; second, because no discrimination was made upon the hearing between the services rendered in the general defense of the case and those rendered solely for the dissolution of the injunction; and third, because the allowance was excessive and oppressive and is not supported by the evidence. In brief, the contention of appellant is that no services which might be called for upon the merits of the case can be recovered for as rendered upon the dissolution of the injunction; while that of appellees is that services necessary and performed in the dissolution of the injunction are recoverable even though they also might be necessary upon the merits.

This was a bill for injunction only. A motion to dissolve the injunction granted upon such a bill is in effect a demurrer. "The only relief sought by the bill was to enjoin the sale of the property under the execution, and when the defendants entered their motion to dissolve the temporary injunction, it was for want of equity appearing on the face of the bill. The motion operated precisely as a demurrer, and by it the defendant admitted the truth of all the allegations relied upon to entitle the complainants to an injunction. The practice is to allow either a demurrer to the bill or a motion to dissolve the injunction, and either course produces precisely the same result, so far as the injunction is concerned." Titus v. Mabee, 25 Ill., 232. See also Wangelin v. Goe, 50 Ill., 461; Shaw v. Hill, 67 Ill., 456; Live Stock Com. Co. v. Live Stock Exchange, 143 Ill., 241.

The demurrers filed by the appellees were unnecessary.

They were overruled and abandoned.  Appellees filed motions to dissolve the injunction, and it was upon these motions that they moved the court to act.  The decree of June 20, 1901, commences:  "This cause coming on to be heard upon the motion of the defendants, Chicago Yacht Club and Columbia Yacht Club, to dissolve the temporary injunction heretofore granted herein."  The appeal of the Chicago Yacht Club to this court was from the interlocutory order of injunction only.  The evidence shows that counsel for appellees directed their efforts to the sole object of obtaining a dissolution of the injunction upon the face of the bill.

The question of fees for services in obtaining the dissolution of an injunction is statutory.  Section 12, Chapter 69 R. S. Hurd, 1903, provides:  "In all cases where an injunction is dissolved by any court of chancery in this State, the court, after dissolving such injunction and before finally disposing of the suit  *  *  *  shall hear evidence and assess such damages as the nature of the case may require, and to equity appertain."

That appellees were severally damaged by the suing out of this temporary injunction is evident.  Each was compelled to cease the construction of its clubhouse.  Each was wrongfully enjoined from doing a thing it had a legal right to do.  Each hired counsel to obtain the dissolution of that injunction, and thereby became liable to pay to such counsel a reasonable fee for services rendered in obtaining such dissolution.  "The object of assessing damages is to compensate the party enjoined for the injury he has suffered."  Roberts v. Fahs, 36 Ill., 268.

In Keith v. Henkleman, 173 Ill., 137, it was claimed that damages could not be assessed upon the injunction bond (among other reasons) because the "injunction was dissolved by motion on the face of the bill."  The court say upon this point:  "Damages are recoverable on an injunction bond whenever the injunction has been vacated either wholly or in part; and any order of court, relieving any part of the subject matter of the injunction from the operation of the injunction, is, as to such part, a dissolution of the injunction.

\* \* \* Whether the assessment of damages is proper or not when an injunction is dissolved upon demurrer to the bill or upon motion to dissolve, will depend upon the question, whether the services of the attorney, sought to be assessed as damages, have special reference to the injunction, or are in general defense of the suit. Where counsel fees are necessarily incurred in procuring the dissolution of an injunction, they may be allowed as damages. When, however, they are incurred in defeating the suit generally, they cannot be assessed as damages." Such being the law of this State, we must refuse to be guided by decisions from sister States laying down a contrary rule.

The decree, from which this appeal was taken, finds that each appellee at the time the injunction was granted was engaged in the construction and completion of its club house; that upon being served with a copy of said injunction each ceased work and employed counsel to defend the suit and "to procure the dissolution of said temporary injunction." That the counsel so retained "immediately took up the matter of procuring the dissolution of said temporary injunction." It then goes on to state somewhat in detail the work thus done by counsel, and concludes by fixing the amount of damages in the case of each appellee. We have examined the evidence and find the conclusion reached by the Chancellor fully justified. The work done was directed toward obtaining a dissolution of the injunction, and had no reference to the merits of the case, except in so far as the law learned by counsel upon the investigation and argument of the motion might have been used afterwards (but was not) upon the merits of the bill. In such case it is immaterial that the labor actually expended upon the motion might have been expended as well upon the demurrer. Having been applied upon the motion with the result of bringing about the dissolution of the injunction, the successful party can recover damages under the statute.

Complaint is made that the damages are excessive and are not supported by the evidence. It is within the personal knowledge of this court that the questions of law arising in

that class of suits which may be called Lake Front litigation, are many, and some of them are intricate.   The property rights here involved were large.   The amount of damages to be allowed is primarily for the Chancellor, and when he has passed upon that question we cannot disturb his finding unless we believe from an inspection of the whole record that he is clearly mistaken.   Lichtenstadt v. Fleisher, 24 Ill. App., 94.   In the present case we are satisfied that his finding is fully sustained by the evidence.

The decree of the Circuit Court will be affirmed in each of the above appeals.

*Affirmed.*