## Chicago Wire Chair Company v. Kennedy & Wright Company et al.

### Gen. No. 13,867.

1. APPEALS AND ERRORS—*presumptions which aid findings of chancellor*. It is presumed that a chancellor ignored incompetent evidence, if any, and the finding of a chancellor will be sustained if the competent evidence appearing in the record is sufficient for that purpose.

2. SOLICITOR'S FEES—*what may be considered by the court in determining value of*. It is competent for the court to consider in connection with the testimony its own knowledge of the value of the services of a solicitor in procuring the dissolution of an injunction.

3. INJUNCTIONS—*power of court to assess damages prior to final hearing*. It is within the power of the court to assess damages upon the dissolution of an injunction prior to the final hearing of the cause.

Bill for injunction. Appeal from the Circuit Court of Cook county; the Hon. LOCKWOOD HONORE, Judge, presiding. Heard in this court at the October term, 1907. Affirmed. Opinion filed May 18, 1908.

**Statement by the Court.** This is an appeal from a decree for damages on the dissolution of a temporary injunction. Appellant, December 20, 1907, filed a bill against appellees, from which it appears that appellant occupied in its business, the manufacture of wire chairs, the entire first floor of a building in the city of Chicago, and that there were stairs from the upper floors of the building down to the first floor; but said stairway was entirely enclosed at the first floor, and a door, through which, when opened, there was access from the upper floors to the first floor, was kept locked, before and at the time appellant became a lessee of the first floor. The appellees occupied in their business an upper floor of the building, and one of them, Monroe J. Friedman, president of the Kennedy & Wright Co., asked appellant for permission

for himself and the employes of his company to use the stairway to pass through part of the first floor when coming to and leaving their work in the building, which was refused, when Friedman threatened to break down the door at the foot of the stairway, which he subsequently did, and he and his employes used the stairway to pass and repass to the first floor and across part of appellant's premises, to and through a street door and to and from the street. To prevent this a temporary injunction was issued, without notice, December 20, 1906, as prayed by the bill, on appellant giving bond in the penalty of $300. December 27, 1906, the injunction was dissolved, on motion of appellees, with leave to file suggestion of damages within ten days. December 29th appellees filed suggestion of damages. March 4, 1907, a decree was rendered, which, after reciting the prior proceedings, proceeds as follows:

"And said cause having come on for hearing upon the said petition as aforesaid, and evidence having been taken in support thereof upon hearing in open court, the court finds that the defendants have employed solicitors and counsel in this cause for the purpose of procuring the dissolution of the injunction granted upon the filing of the bill of complaint herein, and that the reasonable fees and charges of counsel for the defendants in procuring the dissolution of the injunction as aforesaid amount to the sum of one hundred dollars ($100).

"The court further finds that there has been a breach of the conditions of the injunction bond hereinbefore mentioned, and that the defendants to this cause have sustained damages by reason of the breach of said bond and wrongful issuance of said injunction (exclusive of their costs) in the sum of one hundred dollars ($100) for the reasonable fees and charges of their solicitors and counsel in procuring the dissolution of the injunction granted upon the bill of complaint as aforesaid.

"It is therefore ordered and adjudged that the dam-

ages accruing to the said defendants because of the breach of the injunction bond hereinbefore mentioned, and because of the issuance of the injunction upon the bill of complaint are hereby fixed, assessed and awarded at the sum of one hundred dollars ($100)."

The decree concludes with an order that appellees recover of appellant $100.

D. WILEY McCAUGHEY, for appellant.

ZEISLER, FRIEDMAN & MERGENTHEIM, for appellees.

MR. JUSTICE ADAMS delivered the opinion of the court.

Appellant's counsel contends: (1) That the damages are excessive; (2) that there is no evidence of the usual and customary charge, in the city of Chicago, for such services as were rendered by appellees' solicitors; and (3) that the court erred in entering a decree for damages prior to the final hearing on the merits.

Appellant's counsel says that appellees were permitted to recover damages for services not rendered by their solicitors on the motion to dissolve the injunction. The notice of the motion to dissolve the injunction was served December 21, 1906, and December 26, 1906, appellant served notice on appellees that, December 27, 1906, it would move the court for leave to amend the bill and to file additional affidavits, and also served on appellees copies of the proposed amendment and the affidavits.

Appellant's counsel says, in substance, in his argument, that appellees were permitted to recover for time spent by their solicitors in examining the proposed amendment to the bill, the affidavits in support thereof, and an affidavit which seems to have been prepared to be used in support of a motion for a rule on appellant to show cause why it should not be punished for contempt. The witnesses for appellees, on

the hearing of the suggestion of damages, were Mr. Zeisler and Mr. Gardner. The appellant introduced no evidence. Mr. Zeisler testified, among other things, that it took him about two hours to read the affidavits above mentioned, namely, the affidavits in support of the bill and the affidavit for a rule to show cause. The fact, however, that counsel testified to having spent some time in the consideration of matters which it may not have been necessary to consider in preparing for the motion to dissolve, does not warrant the conclusion that the court, in assessing damages, considered the time so spent. It must be presumed that the chancellor ignored incompetent evidence, if any, and if, excluding the incompetent evidence, if any, there is sufficient competent evidence to support the decree, it will not be reversed. Dowie v. Driscoll, 203 Ill. 480, 487. It is evident from the record that the court had in mind the rule as to the proper evidence on the hearing. After Mr. Zeisler had stated, in answer to a question, that he performed services in Chicago Wire Chair Co. v. Kennedy & Wright Co., the following occurred:

"Q. State, Mr. Zeisler, the work that you did in connection with the case? A. As I recall it, the bill was called to my attention one afternoon.

Mr. McCaughey: I object to the form of the question, and ask that the question be limited to the work that was done in regard to the dissolution of the temporary injunction.

The Court: I will sustain the objection to that. The question will be confined to the work that was done by Mr. Zeisler with reference to the dissolution of the temporary injunction."

It also appears from Mr. Zeisler's testimony that, in preparing for the motion to dissolve, he examined the bill and the affidavit in support of it, and was of opinion that the affidavit was defective. On this testimony appellant's counsel bases the proposition that it

was not necessary for appellees' counsel to spend any time in the examination of the bill. We think it sufficient to say, without comment, that we cannot concur in this proposition.

Counsel for appellant is mistaken in saying there was no evidence that the solicitors' fees allowed by the court were such as are usual and customary in such case as the present. Mr. Zeisler was questioned and answered as follows:

"Q. Are you familiar with the usual and customary charges of attorneys in the county of Cook? A. I think I am thoroughly familiar with them.

Q. Have you ever been engaged in cases where it was necessary to have injunctions dissolved? A. A great many of them.

Q. I would then like to ask your opinion as to the fair, usual and customary charges of attorneys in the county of Cook for the dissolution of the injunction in this case, where ten to twelve hours were spent in procuring the dissolution. A. In a case of this kind, and having in mind exactly the work that was done, I believe that any lawyer of my standing would charge, and would be entitled to charge, not less than $150. In this particular instance, however, the president of the defendant corporation is a brother of my partner, and as we are charging that client very reasonable fees, on account of the relationship, we did charge the defendant corporation $100 for our services, and I regarded that as a very low and most reasonable charge, according to what lawyers of this bar charge under similar circumstances."

The matter was heard by the chancellor on the testimony of witnesses in open court, and in such case the chancellor's finding of facts will not be set aside, unless clearly and manifestly against the weight of the evidence, which the finding in question is not. Hess v. Killebrew, 209 Ill. 193. In the present case the appellant offered no evidence. It was competent for

the court to consider, in connection with the testimony, its own knowledge of the value of the services of appellee's solicitors in procuring a dissolution of the injunction. McMullen v. Reynolds, 209 Ill. 504, 507.

Appellant's third contention, that the court erred in assessing and decreeing damages before the final hearing, is fully answered in Keith v. Henkleman, 173 Ill. 137; Wing v. Dodge, 80 *ib*. 564, and Darst v. Gale, 83 *ib*. 136.

The decree will be affirmed.

*Affirmed.*